96   95
[102 508

CASE 19—PETITION ORDINARY—TRANSFERRED TO EQUITY
—OCTOBER 16.

# Terry v. Johnson, &c.

APPEAL FROM BREATHITT COURT OF COMMON PLEAS.

ENTRIES, SURVEYS AND PATENTS.—Where land has been either entered,.
surveyed or patented by one person, a subsequent entry survey or
patent for the same land in the name of another is void, and one
who enters upon the land under such a claim of title is a mere tres-
passer. It is not necessary that there should be a concurrence of
entry, survey and patent in the first person in order to render the
subsequent entry, survey or patent void.

J. B. MARCUM AND WM. H. HOLT FOR APPELLANTS.

1. A junior patentee can not sue in the name of the State to cancel a prior
   patent. (Beard v. Smith, 6 Mon., 430; 21 Am. and Eng. Ency. of
   Law, 879; Taylor v. Fletcher, 7 B. M., 80; Bledsoe's Devisees v.
   Wells, 4 Bibb, 329; Marshall, &c, v. McDaniel, 12 Bush, 378; Fra-
   zier, &c, v. Frazier, 81 Ky, 137.)
2. Appellant had prior entry and prior patent to the land, and appellee
   cannot cancel the patent upon the plea of fraud. (Brown v. Connell,
   85 Ky., 406; Patterson v. Bradford, Hard., 112; Gen. Stat., chap, 109,
   sec. 3.)
3. Burden of proof is on appellee to show fraud in procuring appellant's
   patent, if fraud there was. (Hickman v. Buffman, Hardin, 370.)
4. Action against appellant for fraud is barred by limitation. (Gen. Stat.
   chap. 71, art. 3, secs. 6–10.)
5. Appellee having knowledge of appellant's prior entry, survey and
   patent, is a tresspasser upon the land.
6. Appellee's survey was not registered within the time required by law,
   and, therefore, did not relate back and become effective as of the date.
   it was made so at to take precedence of that of the appellant, which
   was filed first.

S. H. PATRICK AND J. J. C. BACH FOR APPELLEE.

1. The patent of the plaintiff was procured by fraud.
2. Appellee had an inchoate title by reason of his survey, and was *injured*
   by the issual of appellant's patent; he, therefore, had the right to
   use the name of the Commonwealth in this action. (Bledsoe v.,
   Wells, 4 Bibb, 329; Taylor v. Fletcher, 7 B. M., 84.)
3. The patent of the appellant does not cover the land in controversy..
   He had never entered nor surveyed the same.

**4.** To the extent that the patent of appellant does not conform to the survey, it should yield to the patent of appellee. (Porter v. Gass, Sneed, 177.)

CHIEF JUSTICE QUIGLEY DELIVERED THE OPINION OF THE COURT.

This is a controversy between appellant, Isaac Terry, and appellee, Calloway Johnson, for title to nineteen and a quarter acres of land on the Lick branch of the Middle Fork of the Kentucky river, in Breathitt county, and for the recovery by appellant of certain saw-logs cut therefrom by appellee, each claiming title to the land (and, therefore, the saw-logs) by patent from the Commonwealth of Kentucky. The patent under which appellant claims issued April 16, 1889, and contains a grant of seventy-five acres of land. That of appellee is for nineteen and a quarter acres of land, and issued July 13, 1889. The entry and survey under which appellant procured his patent were made in 1871, the appellee's in 1888. From 1854 up to the time the land was entered and surveyed by the surveyor of Breathitt county in the name of Solomon Back, for the use and benefit of appellant, he had claimed the land, and believed, until the entry and survey were made in 1871, that it was embraced in other lands owned by him, and lying on either side thereof. His claim was notorious in the neighborhood, appellee was his neighbor, and knew thereof, but whether or not he had knowledge of the entry and survey made in 1871 is immaterial, as the want thereof on his part, if any, is supplied by the statute.

It is alleged that appellant's patent was obtained by fraud. The allegations are not sustained by the evidence. The evidence is too voluminous to be recited in this opinion, but the court is satisfied therefrom

that the entry, survey and patent to the land in question, were obtained by the appellant in good faith, and that his transactions with the surveyor in relation thereto, were absolutely free from fraud. Besides, there is no evidence tending to establish the fact that the order of survey alleged to have been issued by the county court to Solomon Back for seventy-five acres of land, and under which the entry and survey were made in 1871 for the use and benefit of appellant, as assignee of Solomon Back, was never issued by said court. It is conceded by the parties and established by the record, that the land granted in appellee's patent is embraced in and covered by the grant in appellant's patent. The question then in this case, is: Which one of the parties under his patent has the best title? all other questions raised by the record being merely incidental and collateral thereto. The land in question was vacant and unappropriated land lying in the county of Breathitt, on the Lick branch, a branch of the Middle Fork of the Kentucky river, and subject to the disposal of said county under chapter 109 of the General Statutes, entitled "Treasury Warrant Claims." Section 3 of said chapter provides: "That none but vacant land shall be subject to appropriation under this chapter. Every entry, survey or patent made or issued under this chapter shall be void, so far as it embraces land *previously entered, surveyed or patented.*" And this court said in the case of Goosling, &c., vs. Smith, .90 Ky., 157:

"The language quoted precludes necessity of concurrence of entry, survey and patent by and for one party in order to render void subsequent entry,

survey or patent of the same land for another, but in
express terms makes the existence of either sufficient;
while, therefore, a party who makes the first entry of
land then subject to entry may, if necessary, enforce
by judicial proceedings his right to have survey first
made; nevertheless, if there has been already either
an entry or survey made of the same land by another,
his entry, survey and patent are, in the meaning of
the statute, void."

The land having been entered and surveyed in 1871
for the use and benefit of appellant as aforesaid, and
before entry or survey thereof were made by appel-
lee, or patent therefor obtained by him, the entry,
survey and patent of appellee under the statute are
void, and being void he can not, either in his name
or that of the Commonwealth of Kentucky, for his
use and benefit, maintain this action. The land no
longer being vacant, he was denied the right, under
the statute, to either enter, survey or patent it. He
is a mere trespasser. He cannot rely for title on the
weakness or infirmity of the title of his adversary.
As he has no title to the land, he has no interest
therein, or in the timber cut therefrom, and, there-
fore, no standing in court. The court in the case of
Kirk v. Williamson, 82 Ky., 162, said:

"The object of this provision of the statute is to
discourage the injurious practice of searching out de-
fects in patents, and then knowingly entering the
lands which had been honestly entered and surveyed
and paid for by the patentee; and also to destroy the
power of junior entries or surveys or patents (either
or all), which had been honestly and legally made and

returned as required by law. If a person enters land and pays for it, and complies with the statute in having the entry and survey made in the time fixed by law, no other person has any right either to enter, survey or patent the same land ; and whenever the Commonwealth lawfully patents the land once, it can not, for any cause, patent the same land again as vacant or unappropriated land, for that would breed confusion and contention."

The judgment is reversed, with instructions to the lower court to ascertain from the evidence the value of the "saw-logs" in controversy, and render judgment therefor for appellant.