CASE 34.—ACTION BY W. A. SHIRLEY & BRO. AGAINST THE WILLIAMS COMMISSION COMPANY'S ASSIGNEE. —January 12, 1910.

# Williams' Commission Co.'s Assignee v. Shirley & Bro.

Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

Samuel B. Kirby, Judge.

Judgment for plaintiffs, defendant appeals.—Affirmed.

1. Contracts—Consideration—Presumption—Burden of Proof.— Plaintiff in an action on a written contract need not show a consideration, but lack thereof is for defendant to plead and prove, the law presuming a consideration for a written contract.

2. Gaming—Recovery of Deposit as Security.—Where one gambles with a bucket shop on the rise and fall of the market price, putting up a margin to secure the shop, and loses, an agreement of the shop to pay him back the money is not void under Ky. St. Sec. 1955 (Russell's St. Sec. 1807), declaring void every contract, the consideration of which is money won or lost at gaming; this merely making void contracts for the payment of gaming debts; section 1956 authorizes the recovery from the winner of money lost at gaming, and section 1959 makes the stakeholder liable, if on demand he does not return the money to the one depositing it.

3. Contracts—Validity—Agreement to Pay from Illegal Business. —One's contract to pay another a certain amount is not rendered invalid by the further agreement to pay the net income of a bucket shop till such sum is paid this being but a provision for one means of payment, and not binding him to continue the illegal business, and such business not being of the essence of the contract.

HERMAN MORRIS and McQUOWN & BECKHAM for appellant.

LEON P. LEWIS for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

The following written contract was entered into between J. P. Williams and W. A. Shirley & Bro.: "This contract made this eighteenth day of, March, 1908, between J. P. Williams, doing business under the name of the Williams Commission Company, of Louisville, Kentucky, party of the first part, and W. A. Shirley and G. W. Shirley, doing business under the name of W. A. Shirley & Bro., of Sanders, Kentucky, parties of the second part, witnesseth: Whereas, the party of the first part has received from the parties of the second part the sum of fifty-eight hundred and fifty dollars ($5,850.00) as margins on stock ordered by the parties of the second part to be purchased by the party of the first part which said transactions under the laws of this state are gaming transactions by virtue of the nature of the contracts under which the above sum of money was paid to the said party of the first part; and whereas, by virtue of said transaction the said party of the first part has become liable to the said parties of the second part in the sum of fifty-eight hundred and fifty dollars ($5,850.00). Therefore, the said party of the first part, in consideration of said liability which he hereby acknowledges as immediately due to the said parties of the second part, and in consideration of the forbearance of the said parties of the second part to sue immediately the said party of the first part on account of the aforesaid liability, covenants and agrees as follows, to wit:

"Said party of the first part will pay to said parties of the second part the total net proceeds of

the business carried on by the said party of the first part under the name of the Williams Commission Company, and the said party of the first part will further pay to the said parties of the second part such other sums of money as the said party of the first part may be able to secure, and the said party of the first part shall continue the payments as aforesaid until the said sum of fifty-eight hundred and fifty dollars ($5,850.00) shall have been paid, together with interest thereon from this date. It is hereby agreed that in computing the net returns of the proceeds of said business, the sum of sixteen dollars ($16.00) per day shall be allowed for expenses, and all moneys received as net commissions by the said party of the first part trading under the name of the Williams Commission Company, in excess of said sum of sixteen dollars $(16.00) per day, shall be paid to the parties of the second part, and remittance in full thereof shall be made every Saturday for the business of the week including Saturday, said remittances to be made by New York Exchange or certified check and sent directly to the said parties of the second part.

It is further agreed that the party of the first part as collateral security for the faithful performance of this contract shall give to the parties of the second part his promissory note for fifty-eight hundred and fifty dollars ($5,850.00), and as further collateral security shall give to the parties of the second part a mortgage on all the assets of his said business which is operated under the name of the Williams Commission Company. In testimony whereof, the parties

hereto have set their hands this eighteenth day of March, 1908.  J. P. Williams, W. A. Shirley & Bro., By G. W. Shirley.''

Williams at the same time executed to Shirley & Bro. a mortgage on certain property to secure them in their money.  The mortgage was duly recorded. After this Williams, becoming insolvent, made an assignment for the benefit of his creditors.  Shirley & Bro., a part of whose debt still remained unpaid, filed their petition in equity asking the foreclosure of their mortgage, making Williams and the assignee defendants to the action.  They filed a demurrer to the petition; their demurrer was overruled.  They thereupon declined to plead further, and the court entered a judgment for the foreclosure of the mortgage. From this judgment, they appeal.

Sections 1955, 1956, and 1959, Ky. St. (Russell's St. sections 1807, 1808, 1811), provide as follows: ''Every contract, conveyance, transfer or assurance, for the consideration, in whole or in part, of money, property or other thing, won, lost or bet in any game, sport, pastime, wager, or for the consideration of money, property or other thing lent or advanced for the purpose of gaming, or lent or advanced at the time of any betting, gaming or wagering to a person then actually engaged in betting, gaming or wagering, shall be void.''  Section 1955, ''If any person shall lose to another at one time, or within twenty-four hours, five dollars or more, or property or other thing of that value, and shall pay, transfer, or deliver the same, such loser, or any creditor of his, may recover the same, or the value thereof, from the winner; or any transferee of the winner having notice of the consideration, by suit brought within five years after the payment, transfer of delivery.''  Section 1956.

"The stakeholder of any money, or other thing that may be staked on any bet or wager, shall, when thereto notified, return the same to the person making the stake or deposit, and, for failing to do so, the amount or value of the stake may be recovered from him by the party aggrieved." Section 1959.

It is insisted that money advanced with the direction that it is to be invested in margins is simply money advanced to be bet, and an agreement to pay such money is void under section 1955; that in order to recover under section 1956, it must be averred that the money was lost and won in a wager at one time or within twenty-four hours in sums of $5 or more, and this is not shown; that it was unlawful to invest the money in margins, and when the investment was made by appellant at the direction of appellee, no action lies to recover it; that if the appellant was engaged in conducting a "bucket shop," the contract to pay the $5,850 out of the net earnings of the unlawful business is void as against public policy; the appellant and appellees thus becoming partners in violating the law; and that before a stakeholder can be made liable under section 1959, it must be averred that there was a wager between the party who staked the money and another; and, before the money is paid to the winner, demand must be made for its return.

This is a suit upon a written contract executed by Williams by which he agreed to pay Shirley & Bro. $5,850. It was unnecessary for the plaintiff to show a consideration for the contract. The law presumes a consideration for it, or if at one time or within twenty-four hours, $5 or more was not lost, these were facts to be pleaded by the defendant. If the defendant was a stakeholder, or if he had won the

money of the plaintiff, when he promised in writing to pay it, the law presumed that there existed a state cf case making him liable for the money; and the burden is upon him to show that he was not liable. The method of doing business in a bucket shop is described by this court in Smith v. Western Union Telegraph Company, 84 Ky. 664, 2 S. W. 483, 8 Ky. Law Rep. 672, and in Boyd Commission Co. v. Coates, 69 S. W. 1090. The market prices as they come in on the ticker are posted on a blackboard. The shop buys or sells indifferently, and always at the price appearing for the time being on the blackboard. If a customer buys he puts up a margin to protect the shop. If the price goes his way he wins; if the price goes the other way he loses; and if it goes below his margin, he must put up more or he is out. In other words, the customer simply bets on the price advancing or declining. He bets with the shop, for no stuff is in fact purchased.

It is simply a case of gambling on the rise and fall of the market prices. If a third person had lent Shirley & Bro. money to bet in this way, the case would fall within the latter clause of section 1955. The first clause of that section makes void all contracts for the payment of gambling debts; that is, it would apply if Shirley & Bro. had been permitted by Williams to gamble on the prices without putting up a margin and they had thus fallen in debt to him. The purpose of that section was not to enable the person who had won the money of another to defeat an action for its recovery. The money here was simply put in Williams' hands as security for the payment of a bet made by Shirley & Bro. with Williams. If they had lost their bet they could, under section 1956, have recovered from him the money lost. If

they had won their bet they could not recover by action what they had won, but they would still be entitled to have back the money they had put up. Williams occupied here a dual position; he was both stakeholder and bettor; and when the stakeholder in writing promised to pay back the money he had received, it must be presumed that he only promised to do what otherwise the law required him to do. While it is unlawful to invest money in margins, the statute plainly contemplates that the person putting it up may recover his money back.

Williams' contract is simply an undertaking to pay Shirley & Bro. $5,850. So much of the contract as stipulates for their being paid the total net proceeds of the business subject to certain expenses is simply a provision for one means of payment. The thing that Williams agreed to do was to pay the money, and if he did not pay it in this way, he was bound to pay it in some other. He was not bound to continue the illegal business, and, if he quit the business, he still owed them the $5,850. The illegal business is not of the essence of the contract; and the fact that he agreed to turn over to Shirley & Bro. the net proceeds of the business so long as he continued it, in no way affected his liability for the debt if it was not paid in this way.

Judgment affirmed.