## First National Bank of Central City v. Utterback, Executor, et al.

(Decided October 9, 1917.)

### Appeal from Franklin Circuit Court.

Bills and Notes—Actions—Defenses.—Under the Negotiable Instruments Act, providing that the maker of a negotiable instrument, by making it, engages to pay it according to its tenor and admits the existence of the payee and his then capacity to endorse, the failure of a payee, whether a corporation or doing business under a trade name, to file certificate as required by either section 571 or 199b, does not give to the maker of a note the right to deny the existence or capacity to endorse of the payee, and such failure is not a defense to an action on a note by the holder in due course.

WALKER WILKINS and T. B. McGREGOR for appellant.

LESLIE W. MORRIS for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

The only question raised on this appeal is, whether or not the failure of a payee in a negotiable promissory note to comply with sections 571 and 199b, Kentucky Statutes, without which it could not do business in the state, before the execution of the note, renders it uncollectible in the hands of an owner in due course.

Granting, for the purposes of this opinion only, but expressing no opinion upon the question, because it is not here, that such failure would have been a complete defense against an original payee, who is amenable to either section 571 or 199b, which is the most that could be inferred from the case of Oliver Co. v. Louisville Realty Co., 156 Ky. 637, relied upon by appellees, the question remains, which is not involved in the Oliver case, whether or not it is a defense against an owner in due course; and that question is clearly controlled by the Negotiable Instruments Act, section 3720b, Kentucky Statutes, which became a law in this state July 13, 1904.

The scope of this law has been defined by this court in two recent opinions, as follows:

"The Negotiable Instruments Act was adopted by the several states for the purpose of establishing uniformity in the law regulating negotiable instruments. The act was intended to embody in a code a particular branch of the law. Where the act speaks, its contents and its meaning should be ascertained by interpreting the language used, and not by assuming that the former law on the subject should remain unaltered." First State Bank of Nortonville v. Williams, 164 Ky. 143.

"The act, however, covers the entire subject of negotiable instruments, and must be treated as a complete body of the law upon that subject, and controlling in all cases in which it is applicable." Elsey v. Peoples Bank of Bardwell, 168 Ky. 701.

Sub-section 60 of the act provides:

"The maker of a negotiable instrument by making it engages that he will pay it according to its tenor, and admits the existence of the payee, and his then capacity to endorse."

And in sub-section 57 we find:

"A holder in due course holds the instrument free from any defect of title of prior parties and free from defenses available to prior parties among themselves, and may enforce payment of the instrument for the full amount thereof against all parties liable thereon."

Clearly, under these provisions, the defendant could not deny either the existence of the original payee or its capacity to endorse, as against a holder in due course, and the trial court erred in overruling the demurrer to the amended answer and in dismissing the petition. To permit the maker of such an instrument to assert that the note is void and unenforceable because the original payee had not complied with a statute, without which it could not legally do business in this state, would be to authorize him to deny the legal capacity of the payee to negotiate the instrument, whereas, the act says in plain language that the maker of the instrument, by making it, admits the capacity of the payee to endorse it.

The act does not say, however, that the maker admits the payee's capacity to make the contract for which the note was executed, and hence he may have the right to urge such defense against the original payee, with which question we are not now concerned, but it does, in plain language, take from him the right to deny the capacity of the payee to endorse and negotiate the note free from defense available against the payee, even though, as between the original parties, the note was void and unenforceable for any reason. The plain intention of the statute is to render negotiable paper, after negotiation, free from all defenses available to prior parties among themselves and at the same time, it would seem, preserve to the maker all defenses against the original payee.

Upon the precise question raised here, it was decided in Colorado and North Dakota that a note to a foreign corporation that had not complied with the local law, without which it could not do business in the state, is valid against the maker in the hands of a holder in due course. McMann v. Walker, 73 Pac. 1055; National Bank of Commerce v. Pick, 99 N. W. 63.

So far, in considering the case, we have assumed that the payee in the note, Davis Coal Company, was required to comply with one or the other of the two sections of the statutes referred to, before it was authorized to do business in this state, but that fact is not made to appear, and for that reason alone the demurrer to the amended answer should have been sustained. See Com. v. Siler, 176 Ky. 802.

For the reasons indicated, the judgment is reversed for proceedings consistent herewith.