# Brenard Manufacturing Company v. Ohio County Drug Company.

(Decided December 19, 1924.)

## Appeal from Ohio Circuit Court.

1. Contracts—Facts Held to Show no Total Failure of Consideration for Note.—Consideration of note given by retailer for assistance in carrying out trade expansion campaign held not to have totally failed, though campaign was not highly successful.

2. Contracts—Under Trade Expansion Contract Retailer Held Liable to Payee of Note for Agreed Percentage of Difference in Gross Sales.—Where retailer gave note to plaintiff for $340.00 in consideration of trade expansion plan and guarantee that gross sales for year should be $13,000.00, and that, if 2 8/13 per cent of such sales did not amount to $340.00, plaintiff would repay deficiency, plaintiff was entitled to recover 2 8/13 per cent of difference between $13,000.00 and amount of gross sales only.

RONE & HOWARD for appellant.

J. S. GLENN and GLENN & SIMMERMAN for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Reversing.

Appellant, an Iowa partnership, brought this action against appellee on notes aggregating $340.00.

The defense is that the notes were executed under the terms of a written contract made between the parties on the 16th of September, 1915, wherein plaintiff undertook and agreed, in consideration of their execution, to do and perform certain things in a trade expansion campaign to be inaugurated by defendant and prosecuted with the active aid and assistance of plaintiff and its agents, and that plaintiff had failed or refused to carry out its said agreements in connection with the trade expansion campaign, as a result of which defendant's trade for the year next succeeding the execution of the contract instead of being expanded was in fact reduced, and that therefore there had been a total failure of consideration for the execution of the notes.

These allegations were put in issue and by way of avoidance it was pleaded by plaintiff that any failure upon its part to promptly carry out its agreements was brought about by the failure of defendant to carry out or perform certain things in the contract it had agreed to do within specified times.

The parties went to trial on these issues, and there was a verdict for defendant, and this appeal results.

Appellant claimed to have a copyrighted trade expansion plan, and that plan consisted of its furnishing to merchants certain articles to be given away as prizes in a contest or contests, whereby the trade or business of the merchant would be stimulated and increased.

Appellant agreed in the contract to send an organizer "within the first six weeks from the start of the campaign" for constructive campaign work and the completion of clubs, and to remain for such time as appellant might deem necessary. It also agreed to conduct all of the correspondence with contestants and clubs in conducting and managing the trade expansion campaign. Appellee agreed to furnish appellants within ten days approximately 150 names and addresses of persons it believed would make good club leaders and members, and agreed every thirty days during the existence of the contract to report to appellant the amount of its gross sales, and furnish appellant "all information you request to enable you (appellant) to push the trade expansion campaign."

A further agreement in the written contract was that appellee certified his sales for the twelve preceding months had not been less than $11,000.00 and based upon these figures his sales for the next twelve months were to be $13,000.00, "and that if 2 8/13% of my gross sales does not amount to $340.00 for the next twelve months you (appellant) will pay me the deficiency in cash," and appellant agreed to execute a bond to cover this agreement.

The evidence discloses that there was not in fact a total failure of consideration. The plaintiff not only furnished the articles to be offered as prizes in the contest, but it did write to the contestants and the persons named in the lists furnished by appellee, and it did send an organizer, although at a later period than it agreed, but that organizer only remained a few hours because, as concluded by her after investigation, the contest had not been properly inaugurated. But there was a contest, and for a time there was much interest in it, which interest, however, appears to have later lagged. The first prize, at least, was awarded, and although the contest as a whole was not particularly successful, the evidence

is not convincing that the fault was wholly with appellant.

Appellant did, however, in the contract undertake to guarantee to appellee that his sales in his business for the succeeding twelve months, while the contest was to be on, should be $13,000.00, and that if 2 8/13% of such gross sales did not during that period amount to $340.00 it would repay to defendant the deficiency. In other words, its guaranty was that the gross sales should for that year amount to $13,000.00, the consideration for which was to be $340.00, which is exactly 2 8/13% of $13,000.00, and then upon the same basis agreed to make up any deficiency; the effect of which is it was to have as the consideration for furnishing the trade expansion plan 2 8/13% of the gross sales upon the basis they should be $13,000.00, and was to receive only the same percentage of compensation if the gross sales should be less than that sum.

There is evidence for defendant showing the gross sales during that year were only about $8,800.00 or less, and it being clear that the only consideration for the execution of the notes was the benefit of appellant's trade expansion plan, the court should have under this guaranty instructed the jury in substance that if they believed from the evidence that defendant's gross sales during that year were less than $13,000.00 they should return a verdict for plaintiff for 2 8/13% of the difference between $13,000.00 and the amount of the gross sales.

The appeal is granted and the judgment is reversed with directions to grant appellant a new trial, and for further proceedings consistent herewith.