## Brenard Manufacturing Company v. Jones.

(Decided February 27, 1925.)

### Appeal from Harlan Circuit Court.

1. Pleading—Pleading that Contents of Application Signed by Defendant were Misrepresented Held Insufficient Allegation of Fraud, in Absence of Statement of Specific Misrepresentations.—Allegation of fraud in procurement of defendant's signature to written application, in that agent "wrongfully" read application to defendant and that he signed it without reading it, is insufficient, in absence of any pleading, as to wherein writing as read differed from its actual contents.

2. Contracts—One Able to Read, and Not Prevented from Doing so, who Signs Contract Without Reading it, is Bound by It.—One able to read and write, who signs written contract, is charged with exercise of reasonable diligence to ascertain its contents, and unless fraudulently prevented from doing so will be bound by its stipulations, and cannot escape liability on ground that he did not familiarize himself with its terms.

3. Pleading—For Defendant to Benefit by Plaintiff's Failure to Respond to Answer, such Answer Must Constitute a Defense.—For defendant to benefit by plaintiff's failure to respond to his answer, such answer must be sufficient to constitute defense.

4. Commerce—Transaction Between Nonresident Manufacturer and Resident Dealer Held Interstate, such that Regulatory Statute did Not Apply.—Contract between nonresident manufacturing partnership and local resident dealer made by partnership's agent, if deemed a transaction of business within state, held purely interstate transaction, such that Ky. Stats., section 199b-1, requiring filing of statements of true names of persons transacting business, did not apply.

5. Commerce—Statute Relative to Foreign Corporation's Appointment of Agent within State does Not Apply to Corporations doing Interstate Business.—Ky. Stats., section 571, relative to foreign corporation's appointment of agent within state to receive service of process, does not apply to foreign corporations engaged in interstate commerce.

6. Commerce—That Transaction was Not Pleaded as in Interstate Commerce Held Not to Preclude Plaintiff Nonresident Partnership from Asserting Exemption from Regulatory Statute.—Where complaint in action by nonresident partnership showed transaction involved to be interstate, fact that pleader did not specifically designate it as being in "interstate commerce" held not to preclude plaintiff from asserting its exemption from regulatory statute.

G. G. RAWLINGS for appellant.

LYTTLE & MORGAN for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Granting the motion for the appeal and reversing the judgment.

The appellant and plaintiff below, Brenard Manufacturing Company, is a partnership with none of the names of the partners indicated in the partnership name, and it is therefore one, if not otherwise legally excused, coming within the provisions of section 199b-1 of the present Kentucky Statutes. Its place of business is Iowa City, Iowa, and a part of which is the manufacturing and selling at wholesale claxtonolas with musical records for their use. The method employed by the firm to conduct its business is to arrange with only one person in a designated territory to handle its goods. It had an agent in Harlan county whose sole business was to solicit applications for the handling of the goods manufactured by the firm by local merchants in prescribed territories and to secure from such merchants propositions to handle

the goods at designated prices within such prescribed territory, which propositions were in writing and not binding until submitted to and approved by the partnership at its place of business in Iowa City.

The agent secured a written proposition from the defendant and appellee, Hugh Jones, a merchant in Evarts, Kentucky, which was executed in duplicate and forwarded to the firm at its home office for acceptance or rejection. It wrote its written acceptance on one of the copies and returned it to defendant and immediately shipped the goods therein specified according to the terms stipulated. Defendant sold some of them and made payments on the notes which he had executed pursuant to his agreement, leaving a balance due and unpaid of $260.00, and this suit was filed by the firm against him to recover judgment for that amount.

He answered and alleged (1), that the written proposition was obtained from him by the agent of the firm through fraud and misrepresentation; (2), that the plaintiffs, as members of the firm, had not complied with the section of the statute *supra*, and (3), that he had returned to plaintiff all the goods not sold by him and had paid it for those he had sold. Appropriate motions and pleadings made the issues and the cause was submitted to the court without the intervention of a jury and it entered judgment dismissing the petition, to reverse which plaintiffs have filed a transcript of the record in this court with a motion for an appeal.

1. The fraud, relied on under defense (1), was that plaintiff's soliciting agent "wrongfully" read the written application to defendant and he signed it without reading it, which evidently is insufficient to establish fraud sufficient to relieve him from its terms because (a), he does not point out wherein the writing, as read to him by the agent, differed from its actual contents, and (b), his signing the writing without reading it himself under the detailed circumstances of its execution furnishes no defense to him under the doctrine of the case of United Talking Machine Co. v. Metcalf, 174 Ky. 132, same case in 164 Ky. 258, and others referred to in those two opinions. A still later one in which the doctrine of those cases was applied is White Sewing Machine Co. v. Smith, 188 Ky. 407. The doctrine of those cases, in substance, is that one who is able to read and write and who signs

a written contract must exercise reasonable diligence to ascertain its contents, and unless fraudulently prevented from doing so he will be bound by its stipulations and cannot excuse himself upon the ground that he did not familiarize himself with the terms of the contract before executing it.  In this case defendant sought to be relieved from paying the remainder of his notes upon the ground that, as he claimed, he had the right at any time to return any part of the unsold property and to abandon the contract, but none of which was contained in the writing he signed.  It is insisted, however, that the amended answer setting up the fraud relied on was not responded to, although treated as if denied with the trial conducted accordingly.  However, in order for defendant to benefit by the failure to respond, his pleading must be sufficient to constitute a defense which was untrue in this case, since, as we seen, he failed to point out in his amended answer any material fact which the agent misrepresented while reading the written application and, furthermore, failed to allege sufficient facts to excuse defendant from himself reading the writing before he signed it.  We, therefore, conclude that neither the pleadings nor the evidence sufficiently manifested this defense.

2.  Disposing of defense (2), it might first be said that it is extremely doubtful if the soliciting agent who procured the application from defendant was "conducting or transacting business" within the contemplation of section 199b *supra* of our statutes, so as to bring his principals within the purview of that section.  But waiving that point, and treating the case as if the business was such as to call for the application of the section, then it cannot be invoked in this case, since the business transacted (if there was any such transacted) according to the proof was purely interstate and, under the principles announced in the case of Pratt v. York, 197 Ky. 846, which had under consideration the application of the same section to interstate commerce, this defense cannot be relied on.  In a number of other cases we have held that the provisions of section 571 of our statutes with reference to designating an agent for the purpose of service of process does not apply to a foreign corporation engaged in interstate business.  Louisville Trust Co. v. Bayer Steam Soot Blower Co., 166 Ky. 744; Bondurant v. Dahnke-Walker Milling Co., 175 Ky. 774, and E. C. Artman Lumber Co. v. Bogard, 191 Ky. 392.

It is insisted, however, that plaintiff's pleading is insufficient to raise the question as to the interstate nature of the transaction, but we do not think so. It is true the pleading is inartfully drawn, but it alleges all the facts necessary to show that the transaction was an interstate one, and the failure of the pleader to designate it as being one in "interstate commerce," notwithstanding the pleaded as well as proven facts showed that it was so, ought not to deprive plaintiff of the benefit of that avoidance of the statute. We, therefore, conclude that the court erred in dismissing the petition and should have rendered judgment in favor of plaintiffs for the balance of the debt sued for, which conclusion renders it unnecessary to further consider defense (3) in more detail than we have already incidentally done.

Wherefore, the motion for the appeal is sustained and the judgment is reversed with directions to sustain the motion for a new trial and for proceedings consistent with this opinion.