## Brenard Manufacturing Company v. Raffel.

(Decided May 18, 1926.)

### Appeal from Boyd Circuit Court.

1. Pleading—Answer Setting up Fraud in Obtaining Notes, Without Setting Out Nature of Fraud, or that it Misled Defendant, Held Bad on Demurrer.—Answer averring that notes sued on were obtained by fraud and misrepresentation of plaintiff and its agent, without setting out in what the fraud consisted, or that defendant was misled or deceived thereby, is bad on demurrer.

2. Bills and Notes—Evidence Held Insufficient to Show that Notes Sued on were Obtained by Fraud and Misrepresentation.—Evidence held insufficient to show that notes given by defendant under contract to sell plaintiff's musical instruments were obtained by fraud and misrepresentation.

3. Trial—Instruction in Action on Note, Defended on Grounds of Fraud, to Find for Plaintiff, Unless Musical Instruments were Not as Represented and Defendant Failed to Repair, and to Find for Defendant, if Plaintiff Agreed to Hold Notes Until Defendant's Profits were Sufficient to Pay them, Held Reversible Error as Submitting Issues Not made by Pleadings.—In action on notes given under contract by plaintiff, to furnish defendant with musical instruments for sale as agent, defended on grounds of fraud, instruction to find for plaintiff, unless machines would not stop automatically as represented, and defendant failed to make necessary repairs, and to find for defendant, if plaintiff agreed to hold notes until defendant sold enough machines to make profit sufficient to pay notes, held reversible error as submitting issues not made by pleadings.

B. S. WILSON for appellant.

JOHN S. FULLERTON for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Appellant company and appellee, Raffel, entered into a written contract on February 10, 1921, whereby the company agreed to furnish appellee certain claxtonolas, musical instruments, and other supplies and equipment,

to be sold by appellee at his store in Ashland, and were to constitute appellee the agent of the company in that territory for such machines and accessories for a period of three years upon certain conditions, taking from appellee, Raffel, six promissory notes of even date with the contract, amounting in the aggregate to $392.14, and this suit was commenced in the Boyd circuit court by the Brenard Manufacturing Company against Raffel to enforce collection of the notes, none of which had been paid. The contract and notes are dated Iowa City. Each item covered by the contract is specifically set out therein, one of the paragraphs of the contract reads:

"You, the Bernard Manufacturing Company, hereby grant me the exclusive agency for your line of 'Golden-Throated' Claxtonola Phonographs, in my town, for a period of three years, during which time I am to receive a commission of 30% of each installment paid in cash on claxtonolas, that I sell to my customers on installment payments where you carry such installment paper.   Discount for cash with order 6%."

Another paragraph of the contract reads:

"If my commission from the sale of Claxtonolas, under this contract, do not equal at least $392.14 you will either pay me the difference in cash or repurchase these claxtonolas and records, if returned to you in good order, and pay me $392.14 for same and will send you bond for $392.14 to protect me in the conditions of this contract.

"To make the last above paragraph binding upon you, I agree to furnish within thirty (30) days of date hereof 50 names and addresses of persons who may be interested in securing claxtonolas with whom you are to take up correspondence, each sixty days, to furnish you from 10 to 25 names and addresses of persons who may be interested in securing claxtonolas to whom you are to send appropriate advertising matter, take up shipments promptly upon arrival, properly display claxtonolas in my store, use ordinary diligence in the sale thereof, promptly meet all obligations entered into under this contract, and to furnish you all the reasonable information you request to enable you to assist in the sale of claxtonolas."

Appellee, Raffel, answered and admitted that he signed the six promissory notes mentioned in the petition but denied that the notes, or either of them, were due, and denied that he owed°the company $392.14, with interest, or any sum. Further pleading it was averred in the answer that the six notes "were each obtained from this defendant by fraud, covin and misrepresentation perpetrated by plaintiffs and their agents and servants, and are each without valid consideration and void."

The third paragraph of the answer contains the averment that the Brenard Manufacturing Company was at the date of the contract a partnership composed of Theodore O. Loveland, and James L. Records, and that they were doing business in the state of Kentucky under an assumed name, designation and style, "Brenard Manufacturing Company," which was not the real name or names of the individuals, or either of them, and that the plaintiffs had not filed in the office of the clerk of Boyd county at the time in question or at all a certificate setting up the name or names of either of the plaintiffs with their post office addresses in accordance with the provisions of section 199b, Kentucky Statutes, in consequence of which they were not entitled to maintain the action or to' collect the notes. A general demurrer was filed by the plaintiff to the second and third paragraphs of the defendant's answer. A reply was filed, joining issue. A jury trial resulted in a verdict for the defendant, Raffel, and the company appeals. As the second paragraph of the answer merely averred that the notes were obtained from Raffel by fraud, covin and misrepresentation of the agent of the plaintiff company, without setting out in what the fraud consisted or the misrepresentations employed to commit the fraud, or that the defendant was misled or deceived by the misrepresentations so made, it is at once apparent that the pleading was bad upon demurrer. Appellant, Raffel, undertook to prove fraud in the obtention of the contract by proving that the traveling salesman of the plaintiff company came to his store to solicit him to sign one of the contracts and represented to him that the machines were to be delivered on the installment plan and that the company would carry the notes for him; that the machines had one thing on them that no other similar machine had, an automatic stop that would shut off the machine as soon as the record was played; that the company would send

the machines without any money, and for greater security the company would send a bond to protect appellee against loss on account of his notes; that from the conversation of the salesman appellee was led to believe that he was taking no risk whatever and ordered the three machines and other equipment mentioned in the contract, and signed the contract and notes; that when the machines came they looked like they were cheap although the best one was priced at $225.00 and the others at $105.00 and $110.00 each; that there was something wrong with the automatic stop on the best machine and it would not work, and appellee endeavored to get a mechanic to fix the machine but could not do so, and defendant wrote to the company at Iowa City, telling it of the defect of the automatic stop and asked it for instructions, and later received from the company a letter with instructions of how to remedy the defect and adjust the automatic stop, and then waited a few weeks and wrote the company he could not sell the machines and wanted to send them back and asked the company to return his notes and contract, and after the company wrote him that it could not accept the machines back but expected him to carry out his contract, he forwarded the machines to the company by freight or express with bill of lading, and later received a letter from the company acknowledging receipt of the machines but saying it was holding them for the account of appellee, Raffel, and would not accept them as the property of the company. Further he testified that the salesman represented to him that he would send out certain advertising matter in aid of the sale of the claxtonolas; that the machines were not of equal merit with other machines used for like purposes although the price was higher. Appellee admitted, however, that he received several letters from the company concerning the machines attempting to encourage him to carry out his contract by offering machines for sale and the company offered to put out certain advertising matter in accordance with the terms of the contract, but appellee did not comply with the terms of the contract by sending the necessary names "of persons interested in the purchase of claxtonolas." The contract was to run for three years, but appellee, Raffel, kept the machines only about two months and returned them. The terms of the contract did not allow him to countermand the order or to return the goods except in the manner provided in that section of the contract above copied.

The evidence introduced by appellee did not support his contention that the notes were obtained by fraud and misrepresentations. He did prove, however, that there was a defect in the automatic stop on one of the claxtonolas but the company offered to send a new one in the place of the defective one. At the conclusion of the evidence the court instructed the jury to find for the plaintiff company the full amount of the notes with interest, unless it believed from the evidence that at the time the defendant signed the notes sued on and the contract of agency, the salesman of the company represented to Raffel that the machines manufactured by the plaintiff and which were shipped to defendant would stop automatically, and should further believe from the evidence that said representations so made were a material part of the contract and that they would not stop automatically and that plaintiff was so notified by the defendant and failed after a reasonable time thereafter to make such representations good, or, that if they shall believe from the evidence that it was a material part of the contract between plaintiff and defendant that plaintiff would hold defendant's notes until he should sell enough machines to make his commission or profit thereon pay the notes, then the law is for the defendant, and the jury should find for him. The instructions did not follow the pleadings. The court submitted issues not made by the pleadings. This was error necessitating a reversal of the judgment. On a return of the case the parties should be allowed to amend their pleadings if they desire to do so, and thus join issue.

Judgment reversed for proceedings consistent with this opinion.