# Brenard Manufacturing Company v. McDaniel.

(Decided May 20, 1927.)

## Appeal from Boyd Circuit Court.

1. Contracts.—In action on a written contract, the law presumes a consideration, and defendant has burden of pleading and proving lack thereof.

2. Sales.—In action on notes · given as consideration for articles furnished in a trade expansion campaign, evidence held insufficient to sustain plea of failure of consideration.

3. Set-off and Counterclaim.—Where defendant, in action on notes given for merchandise furnished in trade expansion campaign, did not plead a counterclaim, question of plaintiff's having undertaken to increase defendant's business 20 per cent. should not have been submitted to jury.

WILSON & ROBINSON for appellant.

DYSARD & MILLER for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Reversing.

The Brenard Manufacturing Company sued McDaniel for $435 upon six promissory notes of $72.50 each. . It was unsuccessful. It has filed a copy of the record in this court, and made a motion for an appeal.

This concern is not a stranger, and some of the contributions to the law of this state that have grown out of its activities can be found in Pratt v. Rounds, 160 Ky. 358, 169 S. W. 848; Pratt v. York, 197 Ky. 846, 248 S. W. 492; Brenard Mfg. Co. v. Ohio County Drug Co., 206 Ky. 281, 267 S. W. 155; Brenard Mfg. Co. v. Jones, 207 Ky. 566, 269 S. W. 722; Brenard Mfg. Co. v. Stuart, 212 Ky. 97, 278 S. W. 586; Brenard Mfg. Co. v. Raffel, 214 Ky. 604, 283 S. W. 964; Brenard Mfg. Co. v. Hager, 218 Ky. 352, 291 S. W. 355.

The defendant filed three paragraphs of answer. First, a traverse; second, a plea of fraud, failure of consideration, an agreement by plaintiff to increase defendant's sales 20 per cent; and, third, failure of plaintiff to comply with sections 199b-1-199b-5 of our statutes. His last defense was settled adversely to his contention in Pratt v. York, 197 Ky. 846, 248 S. W. 492, and, moreover, this section of the statute, so far as available as a defense here, has been emasculated in Hayes v. Providence, etc.,

Bank, 218 Ky. 128, 290 S. W. 1028, and to his plea of fraud, Pratt v. York, supra, is a complete answer.

In an action on a written contract, the law presumes a consideration and defendant has the burden of pleading and proving lack thereof. See Williams Com. Co. v. Shirley, 136 Ky. 303, 124 S. W. 327. At the time these notes were executed, the plaintiff contracted to furnish defendant 68,440 different things to be used by defendant in a trade expansion campaign, to send him an organizer to assist therein, and to furnish instructions for conduct thereof. Plaintiff furnished the articles agreed, among which were a claxtonola, two diamond rings, three watches, twenty year gold cases, fifteen jewel movements, a clock, three toilet sets, fifty-six pieces of silverware, fifty baby rings and numerous other things. Of the lady organizer the defendant said:

"In regard to your organizer, will say that she is a hustler in every respect and neglects nothing. . . . You have a jewel as an organizer, and, if this campaign proves a failure, it will be no fault of hers, as she worked hard for it while here."

Defendant undertook upon his part to do a vast number of things in connection with this "trade expansion campaign," into the doing of which he entered enthusiastically. In a letter written on July 25, 1917, he said:

"I am having drawings on Wednesday afternoons and am getting increased business and am very much pleased with the results."

The things to be done by him were numerous, and required much study and attention upon his part, and those who worked for him. His enthusiasm waned, and finally died out, and the campaign was a failure. Now he pleads a failure of consideration for the notes. The proof did not sustain his plea. He got the things for which he contracted.

"If the promisor gets what he bargains for, there is no failure of consideration, although what he receives becomes less valuable or of no value at all." 13 C. J., p. 368.

Courts cannot inquire into the wisdom of contracts made by parties who are free from disabilities. Defendant did not plead a counterclaim, and the court should not

have submitted to the jury any question of plaintiff's having undertaken to increase defendant's business 20 per cent. See Pratt v. York, supra. Plaintiff was entitled to a peremptory instruction.

Motion for appeal is sustained, and the judgment is reversed.