# Stevens v. Guy et al.

(Decided November 13, 1931.)

ISHAM G. LEABOW for appellant.

J. E. SAMPSON for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

F. L. Stevens sued W. W. Guy et al. upon six notes aggregating $573.40. He was unsuccessful, and has appealed. Guy et al. admit the execution of these notes. They were given for some radios and phonograph-radios which they were induced by its agent, A. J. or O. K. Allen, to order from the Brenard Manufacturing Company, of Iowa City, Iowa. They allege this order was procured from them by fraud practiced upon them by Allen and by his company acting through him, that they were induced by Allen to order these things by the exhibition to them of samples which he represented to be exact samples of the articles for which they gave their notes, and that the articles shipped were greatly inferior to the samples shown, etc.

They denied Stevens was a bona fide holder of these notes, etc. They set up that they were bought by Stevens under an arrangement by which that company would repay plaintiff if defendant should defeat the payment of them, etc.

We have had several appeals growing out of the activities of this concern. See Stevens v. Chatfield, 230 Ky. 194, 18 S. W. (2d) 1006, another radio deal; Stevens v. Bailey, 228 Ky. 436, 15 S. W. (2d) 263, where they sold some radios and a trade expansion scheme; in Brenard Mfg. Co. v. McDaniel, 221 Ky. 27, 297 S. W. 810, they sold a claxtonola and some jewelry; in Brenard Mfg. Co. v. Hager, 218 Ky. 352, 291 S. W. 355, they had sold a claxtonola and some records; in Brenard Mfg. Co. v. Raffel, 214 Ky. 604, 283 S. W. 964, they had sold some claxtonolas; in Brenard Mfg. Co. v. Stuart, 212

96

Ky. 97, 278 S. W. 586, they had sold some phonographs and supplies; in Brenard Mfg. Co. v. Jones, 207 Ky. 566, 269 S. W. 722, they had sold some claxtonolas and records; in Brenard Mfg. Co. v. Ohio County Drug Co., 206 Ky. 281, 267 S. W. 155, they had sold some sort of trade expansion plan; in Pratt v. Rounds, 160 Ky. 358, 169 S. W. 848, they sold a piano and some sort of trade expansion scheme.

This case took the same general course as that of Stevens v. Bailey, 228 Ky. 436, 15 S. W. (2d) 263, the same attorney appeared for Stevens, but Guy et al., were represented by Mr. Wm. R. Hart, of Iowa City.

Mr. Bailey had omitted to prove any fraud had been practiced on him, but in this case there was enough proof of fraud to take the case to the jury, whose verdict was for the defendant.

Stevens sought a new trial on seven grounds. One is that he was entitled to a directed verdict. There was evidence of fraud; and, as to the good faith of the purchase by Stevens of this paper, the disclosures made by Stevens and Loveland in their examination as to their plan of operations is practically the same as in Stevens v. Bailey, supra, which we there found was sufficient to sustain the court's judgment; hence the court did not err in submitting the case to the jury. This disposes of grounds 1, 2, 3, and 6. Grounds 4 and 5 are directed to the rulings on the evidence, but as he has not discussed these in his brief, they are waived. Ground 7 is a complaint of alleged misconduct of the attorney for defendants in his closing argument, but, as he has not manifested that in the bill of exceptions, we cannot consider it.

Judgment affirmed.