## Lee v. Commonwealth.

(Decided Oct. 23, 1934.)

VICTOR A. JORDAN for appellant.

BAILEY P. WOOTTON, Attorney General, and DAVID C. WALLS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

The grand jury of Knox county returned three separate indictments against Tom Lee charging him with malicious shooting and wounding J. R. Rapier, Robert Rapier, and Marshall Rapier.

The shooting all occurred at the same time and place and by agreement the three cases were tried together by the same jury. Lee was convicted and sentenced to the penitentiary for one year and one day in each case. He appeals.

The grounds urged for reversal are: (1) The court erred in its ruling on the evidence; (2) instructions to the jury; (3) in overruling objections made to the argument of counsel of the commonwealth; and (4) that the verdicts are flagrantly against the evidence. The alleged incompetent evidence complained of by appellant is that the attorney for the commonwealth, on cross-examination, asked appellant if he had been convicted of a felony for murder and served many years in Frankfort; and if he had not been convicted of murder in this (Knox) or Whitley county; and whether or not he had been convicted of a felony in United States court for moonshining.

It is shown by the bill of evidence that counsel for appellant noted objections to the above questions, but it is not shown that the court ruled on the objections, nor is it shown that there was any insistence on a ruling or motions to strike.

It is a well-settled rule of this jurisdiction that a mere notation of an objection without a ruling or an insistence that the court rule upon the objections will be considered a waiver, and the question is not review-

able in this court. Simmons v. Commonwealth, 207 Ky. 570, 269 S. W. 732, and cases cited therein.

Respecting the complaint of the argument made by counsel for the commonwealth, we find the alleged objectionable language used only in the grounds for a new trial, but it is not made a part of the bill of exceptions; therefore, we have nothing officially before us that counsel for the commonwealth made such argument. For a party to avail himself of an improper argument of counsel, it must be made a part of the bill of exceptions. Stevens v. Guy, 241 Ky. 95, 43 S. W. (2d) 353; Engleman v. Caldwell et al., 243 Ky. 23, 47 S. W. (2d) 971.

The alleged improper argument of counsel for the commonwealth not appearing in the bill of exceptions, we are precluded from considering this complaint.

Instruction No. 2 complained of reads:

"If, however, you believe from the evidence in this case, beyond a reasonable doubt, that in this county, and within one year next before the finding of the indictment herein, the defendant, Tom Lee, in sudden affray, or in sudden heat and passion, without malice, and not in his own necessary or apparently necessary self defense, did shoot at and wound Robert Rapier in the manner mentioned in Instruction No. 1, then you will find him guilty of a misdemeanor, and fix his punishment at a fine of not less than fifty dollars nor more than five hundred dollars, in their discretion, or both so fine and imprison him in your discretion."

The alleged error complained of in this instruction is that it did not include the words "an offense included in the indictment"; or that the jury was instructed that in the event they found the defendant guilty, "any fine or imprisonment or both shall be satisfied at hard labor in their discretion."

The court may instruct the jury that they may impose the working statute, but in view of the instructions given in this case, the omission of the working statute instruction was not prejudicial to the rights of appellant. With reference to the omission of the words "an offense included in the indictment," we do not consider this prejudicial, because in view of all the other instructions given, no doubt the jury knew and understood that appellant was being tried for an offense included in the indictment; moreover, appellant was not convicted under

instruction No. 2, complanied of, but was convicted under instruction No. 1, which is conceded by appellant to be correct.

Conceding without deciding that instruction No. 2 was technically erroneous, yet in view of the whole case it was harmless, if error at all, and appellant's substantial rights were not prejudiced thereby.

It is insisted that the verdicts of the jury are flagrantly against the evidence. It would serve no good purpose to give time and space to a detailed resume of the evidence. It is sufficient to say that a review of the evidence convinces us that it was sufficient to support the verdicts of the jury. The weight of the evidence and the credibilities of the witnesses are peculiarly a province of the jury, and will be respected by the courts where there is any evidence of a probative and substantial nature conducing to support the finding of the jury.

Finding no error in the record prejudicial to the substantial rights of the appellant, the judgments are affirmed.