## TURNER *v.* WARD.

**APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF MICHIGAN.**

No. 129.    Argued and submitted January 31, 1876. — Decided February 14, 1876.

In a suit in equity to set aside a sale of personal property as induced by false representations, a decree in favor of the plaintiff will be sustained if the representations proved are of the same general character as those averred in the bill, though not in its precise language.

THE case is stated in the opinion.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This case presents for our consideration little else than a question of fact. The plaintiffs charge in substance that they were induced by false representations to sell the defendants certain goods, and asked to have the contract of sale rescinded, and their goods restored. The testimony is all embraced in the depositions of one of the plaintiffs and one of the defendants and an agreed statement. There is some discrepancy between the statements of

the two witnesses, but it is apparent from the testimony of the defendant, who made the representations complained of, that he himself had been deceived in respect to the pecuniary condition of his firm. It would be but natural, therefore, that he should mislead the plaintiffs. He supposed the firm had stock on hand to the amount of twenty or twenty-five thousand dollars, and owed from five to eight thousand. According to his own statement, he so told the plaintiff. In point of fact, he was mistaken, and his statement was untrue. The firm was largely in debt, and in less than sixty days it failed and made an assignment. Before this, however, it executed two chattel mortgages upon the stock, each purporting upon its face to secure the payment of ten thousand dollars, though it appears that the amount actually owing to the mortgagees was not so much.

The representations proven are not in the precise language of those averred in the bill, but they are of the same general character, and in our opinion, sufficient to justify the decree rendered in the court below, and it is, therefore, *Affirmed.*

*Mr. Charles P. Crosby, Mr. J. M. Carlisle* and *Mr. J. D. McPherson* for appellants.

*Mr. Ashley Pond* and *Mr. Henry B. Brown* for appellees.