# McKensie v. Rothschild.

## *Trial of Right of Property.*

1. *Rescision of sale for fraud; rule stated.*—A sale and purchase of goods is fraudulent and open to disaffirmance by the seller, when the purchaser was at the time thereof insolvent, or in failing circumstances, and had the design not to pay for them, or had no reasonable expectation of being able to pay for them, and either represented that he was solvent, or intended to pay, or had reasonable expectation of being able to pay, or failed to disclose his financial condition, or the fact that he did not intend to pay, or expect to be able to pay for the goods.

2. *Insolvency and fraudulent design alone not sufficient.*—The mere insolvency or failing circumstances of the purchaser, together with a design not to pay, or having no reasonable expectation of being able to pay, are not sufficient. The purchaser must either have represented that he was solvent, or intended to pay, or had reasonable expectation of being able to pay, or failed to disclose his financial condition, or, having the intention not to pay, failed to disclose the fact that he did not intend to pay, or expect to be able to pay for the goods.

3. *Failure to disclose insolvency or intent.*—An instruction that the purchase was fraudulent if the purchaser was insolvent and did not intend to pay for the goods, and did not disclose his insolvent condition, or his intent not to pay for the goods, is correct.

4. *Intention to pay.*—That the purchaser intended to pay for the goods will not protect him, if he had no reasonable expecta-

[McKensie v. Rothschild.]

tion of being able to pay, and failed to disclose such condition.

5. *Transactions with third persons.*—When the motive or intention of the purchaser of goods is involved in the issue, evidence of statements to and transactions with different parties is admissible; but only when such statements or transactions are so connected in time and subject matter as to throw some light on the controversy.

6. *Declarations of third persons.*—The declaration of a third person, or letters written by him to the purchaser long after the purchase of the goods, are not admissible in a controversy between the vendor of the goods and an attaching creditor of the purchaser.

APPEAL from Henry Circuit Court.

Tried before Hon. J. W. FOSTER.

Appellants, W. R. McKensie *et al.* sued out attachments against H. Blumberg and levied on the goods in suit. D. Rothschild instituted a claim suit. On the trial plaintiffs proved their debts, the levy of their attachments upon the property in the possession of the defendant, and the value of the property. The claimant introduced evidence tending to show that he had sold the property levied on to H. Blumberg; that at the time of the sale, Blumberg made a statement to claimant showing his assets to be worth $7,000.00, and his liabilities $825; that in fact his assets were greatly less and his liabilities more than he stated, and that Blumberg was at the time insolvent. There was other evidence tending to show a purpose to purchase a large amount of goods in the market and fail. That the purchased goods to the amount of near $5,000.00 and failed. The claimant offered to prove by the witness, Farmer, the contents of the statement of the assets of Blumberg used in the trial of the case of *W. R. McKensie, et al., v. H. Blumberg,* defendant, Beidler Bros., claimants. This statement was shown to have been signed by Blumberg, and was lost. Plaintiff objected to such evidence because immaterial and irrelevant, and because it was not shown to have been exhibited to claimant, or claimant referred to it as a basis of credit. The court overruled the objections and plaintiff excepted. Witness answered the statement showed that Blumberg's assets amounted to $9,823.56 and his liabilities to $1,971.10. Plaintiff moved to exclude the answer on the same grounds, and excepted to the court's overruling said motion. The

claimant introduced Ben Kirkland, who testified among other things, that Blumberg in conversation just before he failed and left the state, told witness he was going to fail; that one L. Wilks, had something to do with it, and was to get $600.00 for his assistance; that while Blumberg was off purchasing goods Wilks was on the ground, and paid certain pressing claims against Blumberg. Claimant then offered in evidence two letters shown to be in Wilks' handwriting, advising Blumberg, in substance, to stay away, and not allow his whereabouts to be known until after court, when everything would be made all right. The plaintiffs objected to these letters, because they were irrelevant, and immaterial, because it was not shown when they were written nor that they were connected with any act relating to the purchase of the goods in question. The court overruled these objections and plaintiff excepted. The court refused the following charge requested in writing by plaintiffs: "Intention is a thing not capable of direct proof. It is arrived at from consideration of all the facts and circumstances of the case. And if the jury believe from the evidence that the facts and circumstances in the case and the conduct of Blumberg, satisfy the jury that Blumberg intended to pay for the goods when he bought them, the verdict will be for the plaintiff." The court gave the following charge requested in writing by the claimant: "If the jury believe from the evidence that at the time Blumberg bought the goods, that Blumberg was insolvent and did not intend to pay for the goods, and did not disclose his insolvent condition, or his intent not to pay for the goods, then the verdict of the jury must be for the claimant." There was judgment for the claimant, and plaintiffs appeal; and assign as error the rulings of the court above set out.

M. E. MILLIGAN and H. A. PEARCE, for appellants.— The evidence of the witness, Farmer, as to the contents of a financial statement deposed to was inadmissible. *McKensie v. Weinman et al.*, 22 So. 508. The intent not to pay must be coupled with the insolvency of the purchaser and a failure to disclose his condition. Hence, the charge requested by plaintiffs should have been given and claimant's charge refused.

ESPY & FARMER, *contra*.—The financial statement tes-

tified to by the witness, Farmer, was admissible in connection with other evidence showing collusion between Blumberg and others to defraud his creditors, and as showing that he was in failing circumstances and did not intend to pay for the goods.—*Legrand v. Eufala National Bank*, 81 Ala. 123; *Hudson v. Bauer Grocery Co.*, 105 Ala. 200; *Maxwell v. Brown Shoe Co.*, 114 Ala. 304; *McKensie v. Weinman*, 22 So. 508. There was no error in giving and refusing the charges requested on the trial. See authorities above cited.

COLEMAN, J.—The appellants, as creditors of H. Blumberg, sued out attachments against him, which were levied upon certain goods and merchandise found in his possession. The appellee made affidavit; gave bond and interposed a claim to the goods. An issue was made up and the trial resulted in verdict for the claimant. The plaintiffs in attachment appealed, and have assigned certain rulings of the court, upon the admission of evidence and instructions given to the jury, as error. The claimant was the vendor of the goods levied upon under the attachments, and his right to recover depends upon the question as to whether the facts and circumstances attending the sale and purchase were such as to authorize a rescission of the contract of sale and resumption of the goods sold. The application of the rule which prevails in this state in such cases, by the decisions of this court, apparently have not always been entirely consistent with the rule itself, and to prevent any misunderstanding the rule has been recently restated, in conformity with the construction given to it by the decisions. It is as follows: "A sale and purchase of goods is fraudulent and open to disaffirmance by the seller, when the purchaser was at the time thereof insolvent, or in failing circumstances, and had the design not to pay for them, or had no reasonable expectation of being able to pay for them, and either represented that he was solvent, or intended to pay, or had reasonable expectation of being able to pay, or failed to disclose his financial condition, or the fact that he did not intend to pay, or expect to be able to pay for the goods."—*Maxwell v. Shoe Co.*, 114 Ala. 304. Mere insolvency of the purchaser, or being in failing circumstances, alone is not sufficient. There must exist in connection with these

facts, a design on the part of the purchaser not to pay
for the goods, or that he had no reasonable expectation
to pay for them, and these two conditions together are
not sufficient to reinvest the vendor with title. The pur-
chaser must either have represented that he was solvent,
or intended to pay, or had reasonable expectation of be-
ing able to pay, or failed to disclose his financial con-
dition, or having the intention not to pay, failed to dis-
close the fact that he did not intend to pay or expect to
be able to pay for the goods.—*LeGrand & Hall v. Eu-
fala National Bank,* 81 Ala. 123. Evidence which is rel-
evant and material must in some degree tend to support
or negative the existence of some one or more of these
conditions.

The first, second and eighth assignments of error are
not insisted upon by appellant, and for this reason we
will not consider either of them.

The court, against the objection of the plaintiffs, per-
mitted the witness, Farmer, to testify to the contents of
a statement made and signed by the defendant in attach-
ment, purporting to show his financial condition, on a
trial of the right of property between plaintiffs and
Biedler Bros. The loss of the statement was proven and
also that it was signed by Blumberg. The general rule
is that other transactions with different parties are not
competent, but there are exceptions to the rule, when
the motive or intent with which an act was done are
proper subjects of inquiry. The record, however, fails to
show when the statement was made. For aught that ap-
pears, the statement may have been made years before
the purchase of the goods, the subject of the present con-
troversy. For aught that appears, the statement may
have been true when made. There is nothing whatever
to connect it with the present controversy. The court
erred in admitting the statement without further proof.

The court also admitted the introduction of two let-
ters, written by one Wilks to the defendant debtor,
against the objection of the plaintiffs. In this the court
erred. The issue before the court was between plaintiffs
and claimant. The acts and representations of Blum-
berg, the purchaser of the goods, are competent, and his
admissions were admissible, if a part of the *res gestae,*
but there is nothing in the present record to authorize
the admission of the declarations or statements of a

third party, or a letter written by such party to the debtor, and especially when the letters bear internal evidence that they were written long after the purchase of the goods. We know of no principle of law which rendered these letters competent against the plaintiffs on the present trial.

There was no error in the charge given by the court, at the request of the claimant. It complies with the rule declared in the *Maxwell* case, *supra*.

The charge requested by the plaintiff, when referred to the evidence was properly refused. It ignored that phase of the evidence which tended to show that the defendant could have had no reasonable expectation of being able to pay. Although a purchaser may intend to pay, yet if he has no reasonable expectation of being able to pay, and fails to disclose his condition, he commits a fraud which vitiates the purchase.

Reversed and remanded.