## JONES v. H. M. HOBBIE GROCERY CO.

### In re COLLINS.

(Circuit Court of Appeals, Fifth Circuit. October 29, 1917.)

No. 3108.

1. SALES ☞44—FRAUD—WHAT CONSTITUTES.

An insolvent, who purchases goods without any intention or expectation of paying therefor, is, where the sale was induced by false representations as to his financial condition or by his concealment of his financial condition, guilty of fraud, and the seller is entitled to rescind the sale and recover his property.

2. BANKRUPTCY ☞140(2)—TRUSTEE—RIGHTS OF.

A creditor of an Alabama bankrupt asserted, on the ground of fraud, the right to rescind the sale made to the bankrupt a few days before he filed his voluntary petition and to reclaim the goods sold. Code Ala. 1907, § 3386, declares that conveyances of personal property to secure debt or provide indemnity are inoperative against creditors and purchasers without notice until recorded, while section 3394 declares that contracts for the conditional sale of personal property, by the terms of which the vendor retains title until payment and the purchaser obtains possession, shall be void against purchasers for a valuable consideration, mortgagees, and judgment creditors without notice, unless in writing and recorded. Bankruptcy Act July 1, 1898, c. 541, § 47a(2), 30 Stat. 557, as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (Comp. St. 1916, § 9631), declares that the trustee in bankruptcy, as to all property in the custody of or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon. *Held* that, as it did not appear that there was any Alabama statute subordinating the right of a defrauded creditor of personalty to rescind the sale and reclaim the property to the lien of a judgment creditor of the fraudulent purchaser, the seller was, as against the trustee in bankruptcy, entitled to rescind the sale and reclaim the property.

Appeal from the District Court of the United States for the Middle District of Alabama; Henry D. Clayton, Judge.

In the matter of the bankruptcy of B. A. Collins. A petition by the H. M. Hobbie Grocery Company for review of an order of the referee denying reclamation of merchandise sold the bankrupt having been granted, and reclamation allowed (242 Fed. 975), E. O. Jones, trustee in bankruptcy, appeals. Affirmed.

Byrd G. Farmer and William R. Chapman, both of Dothan, Ala., for appellant.

Lee H. Weil and Davis F. Stakely, both of Montgomery, Ala. (Martin & Williams, of Dothan, Ala., on the brief), for appellee.

Before WALKER and BATTS, Circuit Judges, and FOSTER, District Judge.

WALKER, Circuit Judge. The appellee asserted the right to rescind, on the ground of alleged fraud, a sale of goods made by it to the bankrupt a few days before the latter filed his voluntary petition in bankruptcy, and to reclaim the goods sold, which went into the pos-

session of the trustee in bankruptcy; no part of the purchase price having been paid. The trustee appeals from a decree sustaining the claim asserted.

[1] If one who at the time is insolvent, or in failing circumstances, obtains goods from another on credit, with no intention of paying for them, or at least with no reasonable expectation of being able to pay for them, and the sale was induced by false or fraudulent representations as to his financial condition, on which the seller relied, or would not have been made, but for his fraudulent concealment of his financial condition, or of the fact that he did not intend to pay, or reasonably expect to be able to pay, for the goods, the seller has the right to rescind the sale and recover his property. Maxwell v. Brown Shoe Co., 114 Ala. 304, 21 South. 1009; Donaldson v. Farwell, 93 U. S. 631, 23 L. Ed. 993. The seller's petition in the pending case, and the evidence adduced in support of it, we think sufficiently show that, as against the purchaser, he had the right, under the rule just stated, to rescind the sale and recover the goods sold.

[2] It is contended in behalf of the appellant that this right does not exist against him, the purchaser's trustee in bankruptcy. This contention is sought to be supported by invoking the provision of the Bankruptcy Act that:

"Such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon." Bankruptcy Act, § 47a(2), as amended by Act June 25, 1910 (9 U. S. Comp. Stat. Ann. 1916, § 9631).

The contention stated cannot prevail, unless under the Alabama law the right conferred on the purchaser's creditor by the acquisition of a lien on the latter's property by legal or equitable proceedings is superior to that of the defrauded seller to rescind the sale and reclaim the goods sold. In our opinion that superiority does not exist under the Alabama law. An Alabama statute makes conveyances of personal property to secure debts, or to provide indemnity, inoperative against creditors and purchasers without notice, until recorded. Code of Alabama 1907, § 3386. Another Alabama statute provides that:

"All * * * contracts for the conditional sale of personal property, by the terms of which the vendor retains the title until payment of the purchase money and the purchaser obtains possession of the property, and all contracts for the lease, rent, or hire of personal property, by the terms of which the property is delivered to another on condition that it shall belong to him whenever the amount paid shall be a certain sum, or the value of the property, the title to remain in the other party until such sum or value shall have been paid, are, as to such condition, void against purchasers for a valuable consideration, mortgagees and judgment creditors without notice thereof, unless such contracts are in writing and recorded" as provided in the statute. Code of Alabama 1907, § 3394.

The statutes mentioned do not purport to affect such a transaction as the sale which is under consideration in this case. This case is one to which those statutes and decisions based upon them are not applicable. So far as we are advised, there is no Alabama statute which subordinates the right of a defrauded seller of personal property to rescind the sale and reclaim the subject of it to the lien acquired by le-

gal or equitable proceedings in favor of a creditor of the fraudulent purchaser. Prior to the enactment of the last-quoted statute a purchaser of personal property from one holding possession under a conditional sale, by the terms of which the property was not to belong to the buyer until he paid a note given for the purchase price, which was not paid, acquired only the conditional title of his vendor, and could not defeat a recovery in detinue brought by the original vendor, even though he showed a bona fide purchase for value and without notice. Sumner v. Woods, 67 Ala. 139, 42 Am. Rep. 104. Alabama decisions recognize the right of a defrauded seller of personal property to rescind the sale and recover the goods sold from one holding under a lien acquired, before the seller's exercise of the right to·rescind, by legal or equitable proceedings instituted by or in behalf of a creditor of the fraudulent purchaser. Union Mfg. & Commission Co. v. East Alabama National Bank, 129 Ala. 292, 29 South. 781; McKensie v. Rothschild, 119 Ala. 419, 24 South. 716; Code of Alabama (1907), § 2948.

The conclusion is that under the Alabama law the right of a defrauded seller of personal property to rescind the sale and recover the thing sold is not, where that right is asserted against one holding the subject of the sale under a lien acquired by legal or equitable proceedings in favor of a creditor of the fraudulent purchaser, made dependent upon such creditor having had knowledge or notice, actual or constructive, before or when his lien attached, of the existence of the right asserted by the defrauded seller.

The decree appealed from is affirmed.