## White Sewing Machine Company v. Smith, et al.

(Decided June 4, 1920.)

## Appeal from Martin Circuit Court.

1. Contracts—Fraud or Deceit—Grounds for Setting Aside.—Unless a party who signs a writing is misled as to the nature of the paper and signs it under such circumstances as amount to fraud or deceit it will not be sufficient grounds for setting it aside that he did not read it when he signed it and did not know what it contained.

2. Contracts—Parol Evidence.—Where the agreement is one and entire and a part only is reduced to writing, resort to parol evidence may be had to prove the residue, but this rule applies only in cases where the writing only purports to express part of the contract, or is so incompletely expressed as to render parol evidence necessary to explain that which is unintelligible, but such evidence must not be inconsistent with the terms of the writing.

3. Reformation of Instruments—Evidence.—To entitle one to the reformation of a contract the evidence of the alleged mistake must be clear and convincing.

4. Contracts—Evidence.—In a suit on a contract for the sale of sewing machines defendants relied upon a subsequent verbal

contract. Held that the proof was insufficient to establish such contract.

VAUGHAN & HOWES for appellant.

No brief for appellees.

OPINION OF THE COURT BY JUDGE QUIN—Sustaining motion for an appeal, granting appeal and reversing judgment.

By its petition in this action appellant sought judgment in the sum of $190.50, as the ballance due on ten sewing machines sold to the appellee Smith. The other appellees were made parties by reason of the execution by them of a bond to appellant to the effect that Smith would perform the obligations of his contract incident to the purchase of these machines.

After denying the allegations of the petition it was alleged in the answer as amended (a) that the machines were purchased on the representation they were superior in workmanship, material and quality to another make of machine; (b) the writing sued on was intended as an order merely and not as a contract and he did not know the contents thereof; at the time he signed the paper he was almost blind, could not read and relied on the statement of the agent as to its contents, which were misrepresented to him; (c) the machines were purchased under a verbal agreement subsequently entered into by the terms of which he was given the privilege of returning the machines if they failed to give satisfaction. Under this agreement the shipment was billed to Kermit, W. Va. There was a verdict for $9.50 by a jury in favor of appellee, being the full amount of his counterclaim, less the amount sued for. By the counterclaim Smith asked judgment in the sum of $200.00, which he says he would have made had the machines been as represented.

The proof as to the alleged verbal contract is not convincing, nor is the fact that the consignment was delivered at Kermit instead of Peach Orchard, as provided in the contract, satisfactorily explained by appellant. The allegation as to the condition of appellee's eyes is not borne out by the testimony. Smith admits he can read. He says the agent misread what he calls the "fine print" in the contract. Just what this consists of is not made clear by the record; the contract is

not filed, a typewritten copy only appears, and the so called fine print is not indicated. The contract is very simple, with no warranties or representations and contains the following clause:

"This order is given subject to approval of White Sewing Machine Co., and if accepted or filled in full or in part, to be settled for at the prices and terms above set forth. There is no understanding or agreement of any nature whatsoever between your company and the undersigned as to these machines except such as is embraced in this order which contains all the terms and conditions upon which the same is given."

The alleged misrepresentation is not made clear in Smith's testimony. If misleading it must have been in its exclusions rather than its contents. Smith says the contract under which the machines were shipped was made at a subsequent date.

As said by the Supreme Court in Upton v. Tribilcock, 91 U. S. 45:

"It will not do for a man to enter into a contract, and, when called upon to respond to its obligations, to say that he did not read it when he signed it, or did not know what it contained. If this were permitted, contracts would not be worth the paper on which they are written. But such is not the law. A contractor must stand by the words of his contract; and, if he will not read what he signed, he alone is responsible for his omission."

The court, however, recognizes that a different rule prevails when the party was misled as to the nature of the paper and signed it under circumstances amounting to fraud and deceit. The same rule has been affirmed in many decisions of this court. For example in United Talking Machine Co. v. Metcalfe, 174 Ky. 134, 175 S. W. 357, we said:

One *sui juris* and in possession of his faculties, contracting at arm's length, and who is able to read and write, is not permitted by law to rely exclusively upon the statements of the other contracting party as to the contents of a writing which the former signs. There must be something said or done by the party charged with the fraud which would be reasonably calculated to disarm or deceive one of ordinary prudence and to prevent him from using such diligence as an ordinarily prudent man would use in the execution of a contract under the same or similar circumstances.

When, therefore, the law speaks of *misrepresentations* by the party charged with the fraud, it means that the representations must have been not only untrue, but also made under such circumstances as would be reasonably calculated to deceive one while exercising ordinary care for his own protection."

To same effect see Western Mfg. Co. v. Cotton & Long, 126 Ky. 749, 104 S. W. 758, 12 L. R. A. (N. S.) 427; Rice v. Pulliam, 141 Ky. 10, 131 S. W. 1053; J. I. Case Threshing Mach. Co. v. Mattingly, 142 Ky. 581, 134 S. W. 1131; Crawford & Gatlin v. M. Livingston & Co., 153 Ky. 58, 154 S. W. 407, 44 L. R. A. (N. S.) 640; Castleman-Blakemore Co. v. Pickerell & Craig Co., 163 Ky. 750, 174 S. W. 745; Fairbanks Morse Co. v. Manning & Combs, 164 Ky. 478, 175 S. W. 100; United Talking Machine Co. v. Metcalfe, 164 Ky. 258, 175 S. W. 357.

Where the agreement is one and entire and a part only is reduced to writing, resort to parol evidence may be had to prove the residue. This rule, however, is restricted in its application to cases where the writing only purports to express part of the contract or is expressed in such incomplete terms as renders parol evidence necessary to explain what is *per se* unintelligible and said evidence is not inconsistent with the terms of the writing. Parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument. Greenleaf on Evidence, section 275.

Smith asks that in the event the writing referred to is held to be the contract, that it be reformed so as to express the agreement according to his version. To entitle one to this relief the evidence by which the alleged mistake is sought to be established must be clear and convincing. There is no such evidence here.

Appellees failed by their testimony to manifest such fraud or misrepresentation on the part of appellant's agents as to relieve them of liability. The same conclusion would result were we to accept Smith's theory of the later verbal agreement. His proof wholly fails him here. There is no evidence of any defective workmanship or materials. A few of those who purchased the machines had some trouble in sewing heavy goods, and they complained of the thread breaking. Each complaint was traceable to the inexperience of the operator, especially in the use of certain attachments. All of this is satisfactorily accounted for and made plain by a witness for the company in his testimony and by a demon-

stration in open court before the jury on one of the machines claimed to have been defective.

Nor did Smith offer to return any of the machines until a short time before this suit was filed. It is rather significant that after he claims to have learned the machines were not as represented and were not giving satisfaction Smith sent the company a remittance on account.

Looking at the case from every angle it is clear that appellant was entitled to a directed verdict, and upon a retrial, the evidence being substantially the same, the jury should be so instructed.

The motion for an appeal is sustained, the appeal granted and judgment reversed for further proceedings consistent herewith.