## In re SPINKS DRUG CO.

### Intervention of RIDLEY–YATES CO.

(District Court, N. D. Georgia. April 24, 1924.)

1. Bankruptcy ⊚⇒228—Pleading ⊚⇒422—That intervention was not sworn to was waived by going to trial without objection; not available on review of referee's judgment.

That intervention was not sworn to was waived by going to trial without objection, and is not available on review of referee's judgment against intervener.

2. Bankruptcy ⊚⇒140(1)—Seller, entitled to rescind, could reclaim goods as against buyer's trustee.

Where seller was induced to sell goods a few weeks before buyer's bankruptcy, at a time when buyer was insolvent, and where buyer did not intend to pay, and concealed his insolvency by affirmative misrepresentations, giving seller a right to rescind, under Civ. Code Ga. 1910, §§ 4111 and 4307, the seller could reclaim goods as against buyer's trustee.

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Bankruptcy ⚫—151—Trustee's lien equal only to one arising by legal or equitable proceedings.**

Trustee's lien is equal only to one arising by legal or equitable proceedings.

In Bankruptcy. In the matter of the Spinks Drug Company, bankrupt. On intervention of the Ridley-Yates Company. On review of referee's judgment against intervener. Reversed.

Lamar Camp, of Rome, Ga., for trustee.

R. E. L. Whitworth, of Dallas, Ga., for claimant.

SIBLEY, District Judge. [1] The intervener seeks to rescind a sale of goods made to the bankrupt a few weeks before the failure, on the ground of fraud in the purchase. The intervention is not sworn to, but this defense was waived by going to trial without objection, and cannot now be insisted upon.

The evidence certified by the referee shows that a statement of financial standing was made on the day the goods were purchased, and in order to buy them, which is now admitted to have been materially false, and that the goods were sold on the strength of it. The goods sold are largely on hand and have been identified. No payments have been made, apparently, upon the bill.

[2, 3] The claim of the intervention is that the sale was fraudulent, both because the purchaser was insolvent at the time and did not intend to pay, and concealed his insolvency, and also because of the affirmative misrepresentations made to induce the sale. Upon either ground the sale might be rescinded and the goods reclaimed, upon the restoration of anything received on account of them by the seller. Jones v. Hobbie Grocery Co., 246 Fed. 431, 158 C. C. A. 495, an Alabama case. In Georgia, as in Alabama, the law supports the right to rescind. Code Ga. 1910, § 4111; Silvey v. Tift, 123 Ga. 814, and cases cited on page 816, 51 S. E. 748, 1 L. R. A. (N. S.) 386.

Since the trustee's lien is equal only to one arising by legal or equitable proceedings, it is in Georgia, as in Alabama, not superior to the right of the rescinding seller. Code Ga. § 4307. See, also, the decisions to this effect by this court. In re Spann, 183 Fed. 819; In re Underwood & Daniel, 215 Fed. 279; Collier on Bankruptcy (13th Ed.) pp. 1716 to 1718. The seller should have been allowed to reclaim his goods.

Judgment reversed.

⚫—For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes