## STERNBERG v. AMERICAN SNUFF CO. et al.

### No. 9637.

Circuit Court of Appeals, Eighth Circuit.

Feb. 19, 1934.

George W. Dodd, of Fort Smith, Ark., for appellant.

H. P. Warner, of Fort Smith, Ark. (T. B. Pryor, Jr., C. R. Warner, C. W. Knott, T. B. Pryor, and I. J. Friedman, all of Fort Smith, Ark., on the brief), for appellees.

Before STONE, GARDNER, and SANBORN, Circuit Judges.

STONE, Circuit Judge.

The American Snuff Company, the Pennsylvania Rubber Company, the J. Aron & Company, and the R. J. Reynolds Tobacco Company filed petitions to reclaim property held by the trustee of Browne-Brun Wholesale Grocery Company, bankrupt. The referee denied the petitions. Upon review the court overruled these determinations of the referee and ordered the property turned over to the respective petitioners. From that order the trustee brings this appeal.

Each of the petitions was based upon the theory of false statements as to financial condition made by the bankrupt which were relied upon by petitioners in making sales of the property to the bankrupt. In addition to the above ground, the Pennsylvania Rubber Company alleged that the purchases had been made when the bankrupt was insolvent and with no purpose on its part to pay therefor.

While various matters are argued here, they all come down to two propositions: The first of these is that there was no reliance upon the alleged false statements; the second is that the statements relied upon were not materially false.

### Reliance on Statement.

The statement here intended is a financial statement furnished to Dun & Co., a commercial agency, and purporting to show the financial condition of the bankrupt as of December 31, 1931. The situation as to reliance upon this statement differs in some respects as to these various petitioners. The evidence shows the following: The American Snuff Company made its sale on April 5, 1932. It relied on the published statement of Dun & Co., of January 1, 1932 (based, in part, upon the above financial statement) and upon the report of the bookkeeper of the snuff company that prior accounts with the bankrupt had been promptly paid. The Pennsylvania Rubber Company made its sales upon February 10, March 16, and April 12, 1932. It relied upon a statement sent at its request by the bankrupt, about the middle of January, preceding. This statement was a copy of the above financial statement, of December 31, 1931. Aron & Co. made its sale on April 6, 1932. It relied upon the Dun report based upon the above financial statement. R. J. Reynolds Tobacco Company made its sales on April 9th and 11th. It relied on the Dun rating as shown in its report based, in part, upon the above financial statement.

The reliance of the Pennsylvania Rubber Company was directly on the financial statement. The reliance of the other companies was, in whole or part, upon the Dun statement which was based, at least in part, upon the financial statement. When one makes a financial statement to a mercantile agency it is for the known and sole purpose of being used by the agency as a basis or one of the bases of its reports to its correspondents as to the financial standing and credit of the one furnishing the statement. Correspondents of such an agency place reliance upon the reports of an agency as to such credit and financial standing. The only purpose of making such statement is to affect the judgment of the agency and, through it, of its correspondents as to such credit and financial standing. The normal effect follows the above purpose. Therefore, a false financial statement made to such an agency and used by it as a basis or one of the bases of its reports to its correspondents is, effectively, a statement made direct to any of such correspondents as act in reliance thereon. In the instant case, the Pennsylvania Rubber Company received the statement direct. As to the three other petitioners the effect of the statement came through the mercantile agency. In legal effect, there is no difference in the result. The evidence here establishes reliance upon this financial statement.

## Truth of Statement.

There is no dispute in the evidence that the statement was untrue as to several matters. The argument of appellant is that these items were innocently made with no intention to defraud. There can be no doubt that all of the information as to each of these items was in the possession of the bankrupt at the time the statement was made, and it is difficult to understand the unintentional omission of them. They consist of the following: No mention of a judgment against the bankrupt by the Ritchie Wholesale Grocery Company. This judgment was rendered in the state trial court, on April 17, 1931, for $7,016.74. At the time the statement was made that case was on appeal to the Supreme Court of the state (affirmed February 29, 1932, Browne-Brun Wholesale Grocery Co. v. Ritchie Wholesale Grocery Co., 185 Ark. 1188, 47 S.W. (2d) 51). The explanation offered for this omission is that the bankrupt expected to reverse this judgment. Such explanation is not sufficient to excuse the omission of this item from the statement. It was, relatively, very substantial in amount and it stood as a judgment against the bankrupt. Any fair financial statement should have included this item with such explanation concerning it as the bankrupt saw fit to make. Those who were to extend credit were entitled to know of its existence and status. Another item was an indebtedness due Ball Brothers for merchandise. This entered into the accounts payable in the sum of $5,682.93. In the schedule filed by the bankrupt, April 26, 1932, this indebtedness was listed as $10,594.70. The accounts of the bankrupt show an increase of slightly more than $1,500 in this indebtedness after December 31st, which would leave an omission of about $4,000 in this item. Testimony of a witness for the Ball Brothers Company was that the indebtedness totaled $11,366.64. Another item consisted of various local bills totaling $1,483.84. Another item is shown on the statement as real estate worth $12,750.54. The record is not entirely clear as to the value of this real estate but it is clear that it was very much under the above figure.

It cannot be said that the omission of three of the above items and the patent overvaluation of the real estate were not substantial in this statement. It is difficult to believe that these errors were not intentional but, whether intentional or not, they were material and false and they appeared in a financial statement intended to be the basis of credit and to be relied upon by those dealing with the bankrupt and, where so intended and so relied upon, they constitute legal fraud sufficient to authorize rescission of the contracts based thereon and return of such of the goods as can be identified. Turner v. Ward, 154 U. S. 618, 14 S. Ct. 1179, 23 L. Ed. 391; Ellet-Kendall Shoe Co. v. Martin, 222 F. 851, 855, this Court; William Openhym & Sons v. Blake, 157 F. 536, 538, this Court; Manly v. Ohio Shoe Co., 25 F. (2d) 384, 385, 59 A. L. R. 413 (C. C. A. 4); In re Weissman, 19 F. (2d) 769, 771, 53 A. L. R. 644 (C. C. A. 2), and see City of Omaha v. Venner, 243 F. 107, 113, this Court.

As to the second ground advanced by the Pennsylvania Rubber Company, namely, that the purchases were made from it by the bankrupt at a time when the bankrupt was insolvent and had no intention of paying the purchase price, the evidence is rather convincing. The bankrupt was a wholesale grocery company which had been in business since 1919. Apparently, it had been prosperous and prompt in its payments until the general depression affected its business. Its situation at the end of 1931 was critical and it became increasingly hopeless until, on April 16, 1932, the directors passed a resolution to file a voluntary petition in bankruptcy. This was done, April 26th. The schedule then filed claimed assets of $84,750 and listed debts of $101,278.99. The purchases from the Pennsylvania Company were made on February 10th, March 16th, and April 12th. On February 29th, the above judgment for $7,016.74, of the Ritchie Grocery Company was affirmed by the supreme court of the state and the officers of the bankrupt must have, necessarily, known that there were no funds with which to satisfy it and that the inevitable result would be a levy upon its property. Upon April 18th, the bankrupt wrote various of its creditors (including these petitioners) that the Ritchie judgment had been affirmed and execution levied on part of its stock and its account in the banks garnisheed. Also, this letter contained the following: "Coupled with the fact that our banks the past six months have restricted credit and in fact have forced us to reduce our obligations with them, and on account of the general condition making it impossible for us to collect our outstanding accounts, unless we can procure some relief immediately, I fear that this condition will force us into bankruptcy." The books of the bankrupt showed that between January 1st and April 26th, there had been a positive loss of more than $29,000 and the inventory of the trustee showed the disappearance of more than $40,000 worth of goods. Consideration of the situation revealed by

the matters above set out convinces that the situation of the bankrupt at the time of these purchases from the Pennsylvania Company was hopeless and must have been known to be such by the officers in charge. How the bankrupt was to pay for these purchases when it was in this situation is beyond conjecture. Where there is no hope of being able to pay, no legal intention to pay can exist. We think this additional ground for rescission, relied upon by the Pennsylvania Company, is established in the evidence.

The law as to this situation is stated in Donaldson v. Farwell, 93 U. S. 631, 23 L. Ed. 993; Gillespie v. J. C. Piles & Co., 178 F. 886, 44 L. R. A. (N. S.) 1, this court; Manly v. Ohio Shoe Co., 25 F.(2d) 384, 385, 59 A. L. R. 413 (C. C. A. 4); In re Independent Coal Corporation, 18 F.(2d) 1 (C. C. A. 2); Jones v. Hobbie Grocery Co., 246 F. 431 (C. C. A. 5); In re New York Commercial Co., 228 F. 120 (C. C. A. 2).

The order appealed from must be, and is, affirmed.