## ROCHFORD v. NEW YORK FRUIT AUCTION CORPORATION.

### No. 121.

Circuit Court of Appeals, Second Circuit.

Dec. 23, 1940.

I. Saul Fleischman, of New York City (Irving Coopersmith and Michael Berman, both of New York City, on the brief), for plaintiff-appellee.

Harry Weinberger, of New York City (Chester A. Pearlman and W. E. Aronberg, both of New York City, on the brief), for defendant-appellant.

Before L. HAND, SWAN, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

We are asked to hold "clearly erroneous" [Rules of Civil Procedure, Rule

52(a), 28 U.S.C.A. following section 723c] the district court's findings that the bankrupt here did not have a fraudulent intent to leave unpaid for goods bought on credit from defendant and by the latter repossessed when insolvency became clear. But the evidence of record does not justify such a step. The law is, of course, well settled. A purchase of goods on credit by one hopelessly insolvent—and so knowing that payment can never be made—may be held fraudulent without proof of specific representations. In re Meiselman, 2 Cir., 105 F.2d 995, 998, and cases cited. But the charge of fraud, being in effect one of a crime, must be thoroughly proven, Morris v. Talcott, 96 N.Y. 100, 107; merely continuing business in the not unnatural hope "that better times would come—that tomorrow should be as this day and much more abundant," Nichols v. Pinner, 18 N.Y. 295, 299, is not enough. There must be evidence from which the trier can reasonably infer in the buyer both a knowledge of insolvency and a present intent not to pay for the goods. Dwelle-Kaiser Co. v. Aetna Casualty & Surety Co., 241 N.Y. 464, 469, 150 N.E. 517; In re B. & R. Glove Corporation, 2 Cir., 279 F. 372, 381.

 Here, however, facts justifying, not to speak of compelling, such a conclusion are lacking. Ardeeco Produce, Inc., a small corporation engaged in the business of selling fruit and produce, had made purchases of supplies from defendant, so that the balance due on January 1, 1939, was approximately $1,895.61. On January 3, Ardeeco made a payment of $266 on account and, on that day and the next, bought of defendant additional merchandise on credit to the extent of $700.75. The court found that defendant in making the sale had relied upon a financial statement which Ardeeco had furnished it about two months earlier and had made no inquiry with respect to Ardeeco's subsequent financial condition.

On the morning of January 5, Ardeeco was served with a summons in a creditors' action, and its officers then realized that it could not continue in business unless some arrangement could be effected with its creditors. So they notified the creditors that a creditors' meeting would be held four days later. Defendant received the notice that same day and immediately repossessed itself of some of the merchandise, to the amount of $430.50, which it had just sold Ardeeco. Defendant concedes its then knowledge of Ardeeco's insolvency; the court found that insolvency existed on January 2, 3, and 4. An involuntary petition in bankruptcy was filed on January 12 and adjudication followed thereafter. The estate now in the hands of the trustee amounts to $4,027.05; claims filed total slightly more than $14,000.

Defendant claims that an inference of fraudulent intent must be drawn from the foregoing facts. But other evidence rebuts any such inference. The bankrupt's last balance sheet, that for October 1, 1938, showed liabilities slightly over $12,000, against assets of more than $25,000, as well as a net profit from operations for the first nine months of 1938 of $3,595.73. Undoubtedly the assets, particularly the accounts receivable, would show substantial depreciation in the event of financial stringency; but this affords little basis for supporting an absence of hope on the part of the debtor.

The balance sheet was made up by a certified public accountant who was Ardeeco's auditor and credit man and who was examined at great length by defendant. He conceded knowledge of losses on goods in October of $4,200 and that business got worse in November and December, so that the officers faced financial difficulties, as they realized, about the middle of December, because their cash position was getting smaller and weaker. That is in substance all the proof, except for denials of knowledge of insolvency and fraudulent intent upon the part of the bankrupt's officers; we agree with the trial court that it "falls far short of establishing any fraud." Therefore, when, after notice of the creditors' meeting, defendant retook the merchandise it had sold, it had a voidable preference under Bankruptcy Act, § 60, sub. b, and N. Y. Stock Corporation Law, § 15, for the value of which the trustee was properly given judgment below. The motion for a new trial for "fraud, perjury and concealment of evidence" is only an attempt once again to examine the auditor; if his work sheets were destroyed, not delivered to the attorney as he claimed, and if that point deserved more exploration than it had already received, that voyage of discovery should have been had at the original trial.

Affirmed.