In re STRIDACCHIO.

No. 69–51.

United States District Court
D. New Jersey.

Oct. 2, 1952.

Milberg & Milberg, Jersey City, N. J., for petitioner.

Milton B. Levin, Newark, N. J., for trustee.

SMITH, District Judge.

This matter is before the Court on a petition for review filed herein by N. Torczyner & Son, Inc., hereinafter identified as the claimant, pursuant to Section 39, sub. c of the Bankruptcy Act as amended, 11 U.S.C.A. § 67, sub. c. The petition alleges generally that the Referee in Bankruptcy erred in the dismissal of a petition for reclamation filed by the claimant.

The claimant filed a petition for the reclamation of certain merchandise, to wit, two diamonds, which had been sold and delivered to the bankrupt on January 22, 1951, approximately two weeks before the voluntary petition in bankruptcy was filed herein. The right to rescind the sale and reclaim the merchandise was predicated solely on the ground of fraud; there was no dispute as to the sale. The Referee in Bankruptcy, after hearing, determined "that there was an outright sale and delivery of the diamonds" and dismissed the petition for reclamation. The Referee, however, made no finding on the issue of fraud, a finding essential to the determination of the ultimate issue here raised.

It appears from the record before the Court that the order of dismissal was based solely on the said determination, which was amply supported by the evidence. The dismissal of the petition solely on this ground, however, was error. The mere fact that there was a "sale and delivery" of the diamonds would not defeat the claimant's right of rescission if the sale had been induced by the fraudulent representations of the Bankrupt. It is well established that the sale of merchandise induced by the fraudulent representations of the buyer, although not void, is voidable at the instance of the seller; the seller may, if he acts promptly upon the discovery of the fraud and before title has passed to an innocent purchaser, rescind the sale and recover the merchandise. Manly v. Ohio Shoe Co., 4 Cir., 25 F.2d 384, 59 A.L.R. 413, and the cases therein cited. The transfer of title and the delivery of the merchandise does not defeat the right of the seller to rescind the sale.

The rule which must be applied is succinctly stated in the cited case, 25 F.2d at page 385: "The law applicable to the case seems well settled. Where goods are obtained by fraud of the bankrupt, the seller may rescind the contract of sale and reclaim them if he can identify them in the hands of the trustee. This is on the theory that fraud renders all contracts voidable, and that neither in law nor in morals would the trustee be justified in holding goods obtained by the fraud of the bankrupt for the benefit of other creditors. Such creditors have no right to profit by the fraud of the bankrupt to the wrong and injury of the party who has been deceived and defrauded. In re Hamilton Furniture & Carpet Co., D.C., 117 F. 774, 776; Standard Oil Co. v. Hawkins, 7 Cir., 74 F. 395, 33 L.R.A. 739. This does not result in a preference in favor of the seller who thus retakes goods obtained from him by fraud, because in such case the seller retakes his own property which he must be able to identify. Cunningham v. Brown, 265 U.S. 1, 11, 44 S.Ct. 424, 68 L.Ed. 873. There is little in the

488

suggested danger of improper preferences being obtained under the guise of thus rescinding contracts of sale and reclaiming goods sold on the ground of fraud; for in every case the fraud must be established to the satisfaction of the court by evidence clear, unequivocal, and convincing."

■ Since this matter must be referred to the Referee in Bankruptcy for further proceedings, we think it should be noted that the record made by the claimant at the hearing was inexcusably meager and inadequate. The argument advanced in support of the petition for reclamation rests primarily on the alleged insolvency of the bankrupt at the time of the sale, but there was no evidence presented to support the allegation. We assume that the claimant relied on the documentary evidence in the files of the court, but the files were not offered in evidence at the hearing. It would have been improper, therefore, for the Referee in Bankruptcy to consider such evidence. In Re Aughenbaugh, 3 Cir., 125 F.2d 887. The litigant who rests his case on the documentary evidence contained in the files of the court must make a formal offer of this evidence so that his adversary may have an opportunity to offer evidence in rebuttal. Id.

The rule of evidence which must be followed is stated and discussed in the cited case, 125 F.2d at page 889: "We may not consider * * * evidence which may have been in the files of the referee in the bankruptcy administration proceeding. To hold otherwise would be to violate the fundamental concept of procedural due process that a party to litigation is entitled to have the evidence relied on by his opponent presented at the hearing of his case so that he may have opportunity to cross-examine his opponent's witnesses and to offer evidence in rebuttal. As the Supreme Court said in Interstate Commerce Commission v. Louisville & Nashville R. Co., 227 U.S. 88, 93, 33 S.Ct. 185, 187, 57 L.Ed. 431, 'manifestly there is no hearing when the party does not know what evidence is offered or considered, and is not given an opportunity to test, explain, or refute.' And again as stated in United States v. Abilene & Southern R. Co., 265 U.S. 274, 288, 44 S.Ct. 565, 569, 68 L.Ed. 1016: 'Papers in the Commissioner's files are not always evidence in a case. New England Divisions Case (Akron, C. & Y. R. Co. v. United States), 261 U.S. 184, 198, note 19, 43 S.Ct. 270, 67 L.Ed. 605. Nothing can be treated as evidence which is not introduced as such.'" See also Funk v. Commissioner of Internal Revenue, 3 Cir., 163 F.2d 796, 800, et seq.

The attorney for the claimant was apparently under some misapprehension as to his procedural rights; this is indicated by the brief in which he makes reference to the testimony of the bankrupt. The record discloses that the bankrupt was not called as a witness by either the claimant or the trustee. We must therefore assume that the reference is to testimony given by the bankrupt at another time and at another hearing. We need not determine whether or not such testimony is admissible because it is obvious that it was not offered at the hearing on the petition for reclamation. If the attorney for the claimant intended to rely on testimony previously given by the bankrupt, it was incumbent upon him to offer it in evidence, if admissible for any reason, so as to afford the attorney for the trustee an opportunity to meet it.

We take this occasion to remind not only the attorneys in the present case but also others that only too frequently it has been necessary for this Court to return bankruptcy matters to the Referee in Bankruptcy for further hearing only because the records made at the original hearings were palpably inadequate. There is a consequent waste of judicial time and an unnecessary delay in the proceeding. The issues which arise in the many collateral matters incident to the administration of a bankrupt estate should be fully and properly tried; claims, as well as the defenses thereto, must be supported by competent evidence. A hearing before the court of bankruptcy is summary but it must be full and adequate if the issues raised are to be justly decided.

The Order of Dismissal heretofore entered by the Referee in Bankruptcy is vacated and this matter is referred to him for further proceedings consistent with this opinion.

NOTE: We refer the attorneys to the following cases: Donaldson, Assignee v. Farwell, 93 U.S. 631, 23 L.Ed. 993; In Re Sol Aarons & Co., 2 Cir., 193 F. 646; In Re K. Marks & Co., 2 Cir., 218 F. 453; Jones v. H. M. Hobbie Grocery Co., 5 Cir., 246 F. 431; Elbro Knitting Mills v. Schwartz, 6 Cir., 30 F.2d 10; Sternberg v. American Snuff Co., 8 Cir., 69 F.2d 307; In Re Meiselman, 2 Cir., 105 F.2d 995; Rochford v. New York Fruit Auction Corp., 2 Cir., 116 F.2d 584. These cases appear to be applicable and should be considered.