**In the Matter of Paul MONSON, Bankrupt.**

**No. 16699.**

United States District Court, W. D. Kentucky, at Louisville.

Feb. 1, 1955.

Abraham & Guthrie, Louisville, Ky., for petitioner.

H. S. Robinson, Campbellsville, Ky., for bankrupt.

D. A. Sachs, Jr., Louisville, Ky., for trustee.

SHELBOURNE, Chief Judge.

This case is before the Court on a petition to review an order of the referee entered August 21, 1954, denying the petition of the Great Atlantic Shoe Company, Inc., an unsecured creditor of the bankrupt to reclaim certain merchandise, shoes, which the creditor had sold to the bankrupt on invoices beginning February 2, 1953 and extending down to and including a shipment September 24, 1953.

The trustee and the creditor have advised the Court that the creditor has identified among the assets of the bankrupt shoes which had been bought from the creditor within the above dates of the value of $1,484.03. The balance due by the bankrupt on date of adjudication was $3,063.90, after allowing the bankrupt credit for payments aggregating $2,103.-74, made between August 3, 1953 and December 1, 1953.

The creditor's grounds for the claimed right to reclaim its merchandise, is that under date of February 26, 1953, Paul R. Monson, owner and proprietor of the Monson Department Store, gave to the creditor a signed credit statement, the heading of which is—

"Great Atlantic Shoe Company, Incorporated. Financial Statement of the Monson Department Store. For the purpose of obtaining merchandise from you on credit we make the following statement in writing, intending that you should rely thereon respecting our financial condition".

It was further stated in the credit statement that the statement had been carefully read and in all respects was complete, accurate and truthful and that should any change take place unfavorable to the financial condition therein stated, the Shoe Company would be given notice and the statement contained this further promise—

"Until such notice is given, you are to regard this as a continuing statement".

The material part of the statement was that the bankrupt had $6,000 cash in the bank, $3,000 machinery and fixtures; represented that a 1952 Studebaker Automobile was valued at $2,043, and that his liabilities were $583 indebtedness on the automobile.

From the evidence, the Referee has concluded that the statement was false in that the bankrupt did not have any money in the bank on the date of the statement, that the machinery and equipment referred to in the statement as being worth $3,000 could only have been certain lumber on hand, subsequently used for shelving and fixtures, worth at the outside $700 or $800; that the indebtedness on the automobile was substantially more than $583, Monson testified $927.28.

The Referee, I think, has correctly found the facts, at least the Court cannot say that they are materially erroneous. However, the Referee has given little consideration to the credit statement, allegedly because he found that the statement was not read to the bankrupt before he signed it. For this reason, no legal effect was attached to the false statements contained in the financial statement.

The bankrupt did not contend that the content of the credit statement was in any wise misrepresented or that his signature thereto was obtained by fraud.

■ In the case of Sears, Roebuck & Co. v. Lea, 6 Cir., 198 F.2d 1012, 1015 Judge Miller stated the rule in Kentucky with respect to signed contracts as follows—

"It is the settled rule in Kentucky that one who signs a contract is presumed to know its contents, and that if he has an opportunity to read the contract which he signs he is bound by its provisions, unless he is misled as to the nature of the writing which he signs, or his signature has been obtained by fraud. Kentucky Road Oiling Co. v. Sharp, 257 Ky. 378, 388, 78 S.W.2d 38; United Talking Machine Co. v. Metcalfe, 174 Ky. 132, 137, 191 S.W. 881; White Sewing Machine Co. v. Smith, 188 Ky. 407, 409, 222 S.W. 81; Brenard Manufacturing Co. v. Jones, 207 Ky. 566, 568–569, 269 S.W. 722."

In the case of Sternberg v. American Snuff Co., 8 Cir., 69 F.2d 307, 309, the credit statement was admittedly untrue, but it was contended in that case that the statement was innocently made with no intention to deceive. The Court said—

"It is difficult to believe that these errors were not intentional but, whether intentional or not, they were material and false and they appeared in a financial statement intended to be the basis of credit and to be relied upon by those dealing with the bankrupt and, where so intended and so relied upon, they constitute legal fraud sufficient to authorize rescission of the contracts based thereon and return of such of the goods as can be identified."

■ Fraud justifying the rescission of a contract and reclamation of goods by a seller is established where it is shown that the bankrupt obtained the goods by means of material false representations as to his financial condition, which were relied on by the seller in making the sale on credit. Manly v. Ohio Shoe Company, 4 Cir., 25 F.2d 384, 59 A.L.R. 413; In re Indiana Concrete Pipe Co.; D.C.Ind., 33 F.2d 594.

■ It is the conclusion of the Court that the petition for review should be and is hereby granted and that the order of the Referee dismissing the creditor's claim for reclamation be set aside and since the merchandise has been sold under an order giving the creditor the right to a lien upon the proceeds of the sale, to the extent of the merchandise held to be reclaimable, it is the judgment of the Court that the creditor to

the extent of $1,484.03 should have and is hereby awarded a preference.

A judgment to this effect will be tendered by the attorney for the creditor, on notice to the trustee's counsel.